1  JEFFREY A. SILVESTRI, ESQ.
   NEVADA STATE BAR NO. 5779
2  McDONALD CARANO & WILSON LLP
   2300 West Sahara Avenue, Suite 1000
3  Las Vegas, NV  89102
   Telephone: 702.873.4100
4  Facsimile: 702.873.9966
   jsilvestri@mcdonaldcarano.com
5
   *Attorneys for Sinoenergy Corporation*
6

7

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11  CAROL KARCH, Individually and on behalf     Case No: _____
    of all others similarly situated,

12              Plaintiff,

13  v.                                           **NOTICE OF REMOVAL**

14  SINOENERGY CORPORATION, TIANZHOU
    DENG, XIANG DONG YANG, BO HUANG,
15  ROBERT I. ADLER, RENJIE LU, GREG
    MARCINKOWSKI, BAOHEN SHI, and
16  SKYWIDE CAPITAL MANAGEMENT
    LIMITED,
17

18              Defendants.

19  TO:     THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

20          Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), and 28 U.S.C. §§ 1453(b)

21  and 1331, defendant Sinoenergy Corporation ("Sinoenergy") removes this action to the United

22  States District Court for the District of Nevada.  The grounds for removal are as follows:

23          1.      Plaintiff Carol Karch, on behalf of herself and all persons similarly situated,

24  commenced this action on October 26, 2009, in the District Court for Clark County, Nevada,

25  Case No. A09-602439, against Sinoenergy, Tianzhou Deng, Xiang Dong Yang, Bo Huang,

26  Robert I. Adler, Renjie Lu, Greg Marcinkowski, Baoheng Shi and Skywide Capital

27  Management Limited ("Skywide")  (the "Complaint").

28

MCDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • NO. 10, SUITE 1000 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

2.      Based on the allegations of the Complaint, Karch brings this action on behalf of "hundreds or thousands of individuals and entities scattered throughout the country." (Compl. ¶ 19.)

3.      Plaintiff brought this Complaint as a "class action" as defined under 28 U.S.C. § 1332(d)(1)(B).  (Compl. ¶ 17.)  The Complaint alleges as of August 12, 2009, there were 15,942,336 shares of Company common stock outstanding.  (Compl. ¶ 4.)

4.      Sinoenergy was served with a copy of the Complaint on or about November 19, 2009.  True and correct copies of the Summons and Amended Complaint are attached as **Exhibit 1**.

5.      No other process, order or other pleading in this action has been received to date by Sinoenergy.

6.      Thirty days have not yet expired since Sinoenergy was first served with the Complaint, which is the first pleading served on it.  The time for removal does not begin to run until a defendant has been served.  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999); 28 U.S.C. § 1446(b).

7.      Plaintiff has brought this action against Sinoenergy and the individual defendants to either enjoin the consummation of a transaction in which Skywide, Sinoenergy's largest shareholder, would acquire each common share of Sinoenergy for $1.90 per share in cash or approximately $30.3 million (the "Proposed Transaction").  In the alternative, Karch has brought this action to rescind the Proposed Transaction or to account to her for her damages that stem from the Proposed Transaction.  (Compl. ¶¶ 1-2.)

8.      Defendant Sinoenergy maintains its principal place of business in Beijing, China, and is incorporated under the laws of the state of Nevada.  (Compl. ¶ 4.)  Individual Defendants Tianzhou Deng, Bo Huang, Robert Adler, Renjie Lu, Greg Marcinkowski, Baoheng Shi, and Xiang Dong Yang are officers and/or directors of Sinoenergy.  (Compl. ¶¶ 5-11.)  Defendant Skywide is a limited liability company organized under the laws of the British Virgin Islands.  (Compl. ¶ 12.)

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• NO. 10, SUITE 1000 • LAS VEGAS, NEVADA
PHONE (702) 873-4100 • FAX (702) 873-9966

9.      When determining jurisdiction under CAFA, the claims of the individual class members are aggregated, 28 U.S.C. § 1332(d)(6), and Plaintiff alleges that there are "hundreds or thousands of individuals and entities scattered throughout the country." (Compl. ¶ 19.) Plaintiff alleges that for the week of August 10, 2009 through August 14, 2009, the price of Sinoenergy's stock traded at levels of up to $2.63 per share. (Compl. ¶ 25.) According to Plaintiff, the Proposed Transaction is "grossly unfair" because the value of Sinoenergy stock is in excess of the amount offered in the Proposed Transaction of $1.90 per share. (Compl. ¶ 26-27.) Here, Plaintiff has alleged that, as of August 12, 2009, there were 15,942,336 shares of Sinoenergy common stock outstanding. (Compl. ¶ 19.) Multiplying the alleged number of shares outstanding by $1.90 equals $30,290,438.40. Multiplying the alleged number of shares outstanding by what plaintiff believes the stock is worth ($2.63) equals $41,928,343.68. The difference between these two values is $11,637,905.28. Thus, it is clear from the face of the complaint that the amount in controversy exceeds $5,000,000.

10.     As alleged in the Amended Complaint, the total number of members of the proposed plaintiff class exceeds 100. (Compl. ¶ 19.)

11.     The above-captioned action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and which therefore may be removed to this Court pursuant to 28 U.S.C. § 1453(b), in that the action is a class action between a class containing a member who is a citizen of a State different from any defendant, and that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and that none of the exceptions to § 1453(b) apply here.

12.     The above-captioned action does not solely involve a claim: (1) concerning a covered security as defined under 15 U.S.C. § 77p(f)(3) and 15 U.S.C. § 78bb(f)(5)(E); (2) that relates to the internal affairs or governance of a corporation or other form of business enterprise that arises under or by virtue of the law of the state in which such corporation or business enterprise is incorporated or organized; or (3) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under 15 U.S.C. § 77b(a)(1) and the regulations issued thereunder.) *See Katz v.*

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• NO. 10, SUITE 1000 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

*Gerardi*, 552 F.3d 558, 562 (7th Cir. 2009); *Estate of Pew v. Cardarelli*, 527 F.3d 25, 31-33 (2d Cir. 2008).

13.     In the alternative, the above-captioned action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  Specifically, Plaintiff has alleged that Sinoenergy, a public company listed on a national exchange with 15,942,336 shares of Sinoenergy common stock outstanding, has aided and abetted the breaches of fiduciary duties owed to public shareholders by entering into the Proposed Transaction.  Among other things, Plaintiff alleges that defendants failed to adequately inform shareholders with all material information regarding the Proposed Transaction.

14.     In accordance with 28 U.S.C. § 1441(a), venue lies in the United States District Court for the District of Nevada, in that the pending action was filed and is pending in the District Court for Clark County, Nevada, which is within this judicial district.

15.     Promptly after filing this Notice, Sinoenergy will file a copy of it with the clerk of the state court in which this action is pending and will give written notice to the plaintiff, as required by 28 U.S.C. § 1446(d).

16.     This Notice of Removal is executed and filed pursuant to Fed. R. Civ. P. 11.

WHEREFORE, defendant Sinoenergy Corporation removes the above-entitled action now pending in the Eighth Judicial District Court in and for the County of Clark, Nevada, Case No. A602439, to the United States District Court for the District of Nevada.

RESPECTFULLY SUBMITTED this 8th day of December, 2009.

McDONALD CARANO WILSON LLP


By: /s/ Jeffrey A. Silvestri
JEFFREY A. SILVESTRI, ESQ. (NV #5779)
McDONALD CARANO & WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV  89102

*Attorneys for Sinoenergy Corporation*

::LVDOCS\182563\1

4

1

**CERTIFICATE OF SERVICE**

2       I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and

3   that I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** on this 8th day

4   of December, 2009 via facsimile and by depositing said copies in the United States Mail,

5   postage prepaid thereon, upon the following:

6   Griffith H. Hayes, Esq.                    Aaron Brody, Esq.
    Martin A. Muckleroy, Esq.                  Stull Stull & Brody
7   Cooksey Toolen Gage Duffy & Woog           6 East 45th Street
    3930 Howard Hughes Parkway, Ste. 200       New York, NY 10017
8   Las Vegas, NV  89169                       *Attorneys for Plaintiff*
    *Attorneys for Plaintiffs*

9

10

11

12                                             /s/ Della Sampson
                                               An employee of McDonald Carano Wilson LLP
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• NO. 10, SUITE 1000 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966