```
 1  Thomas G. Ryan
    Nevada Bar No. 9378
 2  Emily Gubler Clark
    Nevada Bar No. 10547
 3  LEWIS AND ROCA LLP
    3993 Howard Hughes Parkway, Suite 600
 4  Las Vegas, Nevada 89169
    Telephone:  702-949-8200
 5  Facsimile:  702-949-8398
 6  Attorneys for Defendants Robert I. Adler, Renjie Lu,
    Greg Marcinkowski and Baoheng Shi
 7
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAROL KARCH, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SINOENERGY CORPORATION, TIANZHOU DENG, XIANG DONG YANG, BO HUANG, ROBERT I. ADLER, RENJIE LU, GREG MARCINKOWSKI, BAOHENG SHI, AND SKYWIDE CAPITAL MANAGEMENT LIMITED,<br><br>Defendants. | CASE NO.:  2:09-CV-2320-PMP-LRL<br><br>**STIPULATION AND ORDER TO CONSOLIDATE CASES AND TO STAY PROCEEDINGS PENDING FAIRNESS HEARING UNDER RULE 23(e)** |
| ROBERT E. GUZMAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SINOENERGY CORPORATION, TIANZHOU DENG, XIANG DONG YANG, BO HUANG, ROBERT I. ADLER, RENJIE LU, GREG MARCINKOWSKI, BAOHENG SHI, AND SKYWIDE CAPITAL MANAGEMENT LIMITED,<br><br>Defendants. | CASE NO.:  2:09-CV-2321-JCM-PAL |

525639

| | |
|---|---|
| ROBERT GRABOWSKI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TIANZHOU DENG, BO HUANG, ROBERT I. ADLER, RENJIE LU, GREG MARCINKOWSKI, BAOHENG SHI, XIANG DONG YANG, SINOENERGY CORP., AND SKYWIDE CAPITAL MANAGEMENT LTD.,<br><br>Defendants. | CASE NO.:  2:09-CV-2322-RCJ-RJJ |

Plaintiffs Carol Karch, Robert E. Guzman and Robert Grabowski and defendants Sinoenergy Corporation ("Sinoenergy"), Tianzhou Deng, Xiang Dong Yang, Bo Huang,[1] Robert I. Adler, Renjie Lu, Greg Marcinkowski and Baoheng Shi (collectively, the "Parties") hereby stipulate and respectfully request that:

(1) *Guzman v. Sinoenergy Corp., et al.*, Case No. 2:09-CV-2321-JCM-PAL (*"Guzman"*) and *Grabowski v. Deng, et al.*, Case No. 2:09-CV-2322-RCJ-RJJ (*"Grabowski"*) should be consolidated for all purposes with *Karch v. Sinoenergy Corp., et al.*, Case No. 2:09-CV-2320-PMP-LRL (*"Karch"*). This Court has authority to grant the Parties' request pursuant to Fed. R. Civ. P. 42(a).

(2) this Court stay all proceedings in this case *sine die* pending conclusion of and approval by this Court as required under Fed. R. Civ. P. 23(e) of a settlement of these actions, as discussed more fully below and in the attached Exhibit A.[2]

A. **Consolidation of These Related Cases Will Promote Judicial Economy**

There are no substantive differences among the above-captioned cases. Each of the three

---

[1] Defendants Tianzhou Deng, Xiang Dong Yang and Bo Huang are parties to this stipulation only in their official capacities as directors of defendant Sinoenergy.

Although named as a defendant, Skywide Capital Management Limited ("Skywide") has not been served in any of the three cases and is not represented by counsel. Accordingly, Skywide is not a party to this stipulation.

[2] Defendants are to respond to plaintiff's complaint and motion to remand in *Karch* by March 16, 2010. (Doc. 20.) In addition, this Court has scheduled a hearing on April 12, 2010, on the motion to remand. (Doc. 21.)

actions involves the *same* proposed class, the *same* defendants and requests the *same* relief under the *same* legal theories.

The three actions consist of purported shareholder class action complaints filed by three different named plaintiffs on behalf of herself/himself and all other shareholders (with the exception of the individual defendants) of defendant Sinoenergy, a public company, against Sinoenergy, the members of its board of directors and Skywide, the company that proposes to merge into Sinoenergy (the "Merger Transaction"). All of the plaintiffs are represented by the same Nevada counsel. All three complaints assert claims for breach of fiduciary duties against the individual defendants and a claim for aiding and abetting against Sinoenergy and Skywide arising out of the Merger Transaction. The claims for relief in each of these three actions arise out of the same proposed Merger Transaction by which Skywide, Sinoenergy's largest shareholder, would acquire each common share of Sinoenergy for $1.90 per share, a price alleged by plaintiffs to be inadequate.

These three cases were originally filed in the Eighth Judicial District Court in Clark County, Nevada on October 26 and 30, 2009.[3] Defendant Sinoenergy thereafter removed all three cases to this Court on December 8, 2009, pursuant to the Class Action Fairness Act. Each of these actions is assigned to a different federal judge.[4] Consolidation of the actions before a single United States District Court Judge will serve the interest of judicial economy and avoid unnecessary costs and inconsistent results.

After these actions were filed and removed to this Court, the Parties discussed settlement and the above-captioned cases were preliminarily settled pursuant to a Memorandum of Understanding ("MOU"), conditioned upon expedited confirmatory discovery proceedings. Under the MOU, the Parties agreed, among other things, that they would jointly request that these actions be consolidated into the *Karch* action.

If this Court approves the consolidation of these cases, all future pleadings and papers filed

---

[3] The complaints in *Karch* and *Guzman* were filed in state court on October 26, 2009. The complaint in *Grabowski* was filed in state court on October 30, 2009.

[4] The civil cover sheets filed with the notices of removal in each of the three actions did not identify any related cases. (*See* Dkt. 1-1, case nos. 2:09-cv-2320, 2321 and 2322.)

and/or served in these consolidated cases shall bear the following caption:

| | |
|---|---|
| CAROL KARCH, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>SINOENERGY CORPORATION, TIANZHOU DENG, XIANG DONG YANG, BO HUANG, ROBERT I. ADLER, RENJIE LU, GREG MARCINKOWSKI, BAOHENG SHI, AND SKYWIDE CAPITAL MANAGEMENT LIMITED,<br><br>                    Defendants. | CASE NO.:   2:09-CV-2320-PMP-LRL<br><br>*Consolidated with:*<br>          2:09-CV-2321-JCM-PAL<br>          2:09-CV-2322-RCJ-RJJ |

**B.    The Parties Request a Stay of Proceedings Pending the Approval by this Court of Settlement**

The Parties request that, once the cases are consolidated, this Court stay all proceedings pending conclusion of a settlement with approval of this Court as required by Fed. R. Civ. P. 23(e).

The Parties have signed and agreed to a MOU that outlines the settlement terms, which was, as noted, subject to confirmatory discovery. This discovery will be completed on March 12, 2010, and the Parties have agreed to submit thereafter a more formal Stipulation of Settlement setting forth the terms of settlement together with other documents needed to implement the settlement including, but not limited to, the form of notice to be given to the shareholders and attorneys' fees applications for approval by this Court.

**Attached hereto as Exhibit A is a Notice of Settlement and Proposed Schedule that summarizes material terms of the settlement and a proposed schedule for the Court's consideration of the fairness, reasonableness and adequacy of the proposed settlement herein.**

**C.    Conclusion**

Since these three actions involve the same parties, same legal theories, same law and same request for relief, consolidation would promote the efficient and expeditious resolution of all

claims between the parties. Additionally, the Parties have agreed to settlement terms, which provide for a final resolution of these actions, and thereby request a stay of the actions pending this Court's fairness hearing under Fed. R. Civ. P. 23(e). Accordingly, the Parties respectfully request that the Court approve this stipulation.

DATED this 12TH day of March, 2010.

| COOKSEY TOOLEN GAGE DUFFY & WOOG | MCDONALD CARANO & WILSON LLP |
|---|---|
| By /S/ Martin A. Muckley<br>Griffith Hayes, Esq.<br>Nevada Bar No. 7374<br>Martin A. Muckleroy, Esq.<br>Nevada Bar No. 9634<br>3930 Howard Hughes Parkway, Suite 200<br>Las Vegas, NV 89169<br>*Attorneys for Plaintiffs Carol Karch, Robert E. Guzman and Robert Grabowski*<br><br>- and -<br><br>STULL, STULL & BRODY<br>Aaron L. Brody, Esq.<br>Jason D'Agnenica, Esq.<br>6 East 45th Street<br>New York, NY 10017<br>*Attorneys for Plaintiffs Carol Karch and Robert E. Guzman*<br><br>- and -<br><br>WEISS & LURIE<br>Joseph H. Weiss, Esq.<br>James E. Tullman, Esq.<br>551 Fifth Avenue, Suite 160<br>New York, NY 10176<br>*Attorneys for Plaintiff Robert E. Guzman*<br><br>- and -<br><br>FINKELSTEIN THOMPSON LLP<br>Donald J. Enright, Esq.<br>Elizabeth K. Tripodi, Esq.<br>1050 30th Street, NW<br>Washington, D.C. 20007<br>*Attorneys for Plaintiff Robert Grabowski* | By: /s/ Jeffrey Silvestri<br>Jeffrey A. Silvestri, Esq.<br>Nevada Bar No. 5779<br>2300 W. Sahara Avenue, Suite 1000<br>Las Vegas, NV 89102<br><br>- and -<br><br>SICHENZIA ROSS FRIEDMAN FERENCE LLP<br>Michael H. Ference, Esq.<br>Sameer Rastogi, Esq.<br>61 Broadway, 32nd Floor<br>New York, NY 10006<br><br>*Attorneys for Defendant Sinoenergy Corporation and Defendants Tianzhou Deng, Xiang Dong Yang and BoHuang in their Official Capacities as Directors of Sinoenergy Corporation* |

LEWIS AND ROCA LLP

By /s/ Thomas G. Ryan
   Thomas G. Ryan, Esq.
   Nevada Bar No. 9378
   Emily Gubler Clark, Esq.
   Nevada Bar No. 10547
   3993 Howard Hughes Parkway, Suite 600
   Las Vegas, Nevada 89169

- and -

ARENT FOX LLP
Bernice K. Leber, Esq.
Jennifer Bougher, Esq.
1675 Broadway
New York, NY 10019

*Attorneys for Defendants Robert I. Adler, Renjie Lu, Greg Marcinkowski and Baoheng Shi*

**IT IS HEREBY ORDERED THAT:**

1. The above-captioned cases will be consolidated into a single action (*Karch*), under Case No. 02:09-cv-2320-PMP-LRL; and

2. Proceedings in these consolidated cases shall be and are hereby stayed pending a hearing pursuant to Fed. R. Civ. P. 23(e) as to the fairness of the proposed settlement to the shareholders.

                        UNITED STATES DISTRICT JUDGE
                        Dated:

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Lewis and Roca LLP and that on the 12th day of March, 2010 a true and correct copy of the foregoing was served on the parties to this case through electronic transmission of the Notice of Electronic Filing, which constitutes service of a document on Filing Users under the Court's Electronic Fling Procedures to all parties to this case who are Filing Users of the Electronic Filing System of the United States District Court for the District of Nevada.

/s/ Judy Estrada
An Employee of Lewis and Roca LLP

**EXHIBIT "A"**

## NOTICE OF SETTLEMENT AND PROPOSED SCHEDULE

On October 26 and 30, 2009, three substantially similar putative shareholder class action complaints styled *Karch v. Sinoenergy Corp., et al., Guzman v. Sinoenergy Corp., et al.* and *Grabowski v. Deng, et al.* (the "Actions") were filed in state court. The claims for relief in each of the Actions arise out of the same proposed merger transaction by which Skywide Capital Management Limited would acquire each common share of Sinoenergy Corporation for $1.90 per share, a price alleged by plaintiffs to be inadequate.

Following removal to this Court, the parties initiated settlement discussions, pursuant to which plaintiffs undertook confirmatory discovery and Sinoenergy amended its preliminary proxy materials – all in furtherance of settlement of the Actions.

Subject to approval of this Court, the parties have now agreed to a full and final settlement, which includes, among other things:

a.  maintenance of the Actions as class actions for purposes of settlement only;

b.  proposed notice to class members;

c.  full release of all claims; and

d.  proposed attorneys' fees to plaintiffs' counsel or their agent(s).

The parties intend to submit a Stipulation of Settlement upon entry of this Court's Order for Consolidation and to Stay Proceedings Pending Fairness Hearing under Rule 23(e).

**In their Stipulation of Settlement, and by this Notice, the parties request that this Court schedule a hearing – on or before April 19, 2010 – for purposes of seeking approval, and a determination of the fairness, reasonableness and adequacy, of the proposed settlement.**[1]

---

[1] The parties suggest that this Court, which has already scheduled argument on plaintiff's motion to remand for April 12, 2010 at 9 a.m. (*see* Doc. 21), maintain that hearing, but convert it to a "fairness hearing" under Rule 23(e).

525639