1   Thomas G. Ryan
    Nevada Bar No. 9378
2   Emily Gubler Clark
    Nevada Bar No. 10547
3   LEWIS AND ROCA LLP
    3993 Howard Hughes Parkway, Suite 600
4   Las Vegas, Nevada 89169
    Telephone: 702-949-8200
5   Facsimile: 702-949-8398
    *Attorneys for Defendants Robert I. Adler, Renjie Lu,*
6   *Greg Marcinkowski and Baoheng Shi*

7

8                    **UNITED STATES DISTRICT COURT**

9                          **DISTRICT OF NEVADA**

10

11  CAROL KARCH, Individually and on behalf of      CASE NO.:    2:09-CV-2320-PMP-LRL
    all others similarly situated,
                                                         *Consolidated with:*
12                                                          2:09-CV-2321-JCM-PAL
                          Plaintiff,                        2:09-CV-2322-RCJ-RJJ
13
    vs.
14
                                                     **STIPULATION OF SETTLEMENT**
15  SINOENERGY CORPORATION, TIANZHOU
    DENG, XIANG DONG YANG, BO HUANG,
16  ROBERT I. ADLER, RENJIE LU, GREG
    MARCINKOWSKI, BAOHENG SHI, AND
17  SKYWIDE CAPITAL MANAGEMENT
    LIMITED,
18
                          Defendants.
19

20          The parties to the above-captioned consolidated action (the "Consolidated Nevada

21  Action"), by and through their undersigned attorneys, enter into the following Stipulation of

22  Settlement (the "Stipulation"), dated as of March 5, 2010, fully, finally and forever to resolve,

23  discharge and settle all claims for relief asserted in the Actions (as defined herein) (the "Settled

24  Claims"), upon and subject to the terms and conditions thereof and subject to the approval of the

25  United States District Court for the District of Nevada (the "Court"):

26          **WHEREAS**:

27          A.      Sinoenergy Corporation ("Sinoenergy" or the "Company"), a corporation organized

28  under the laws of the State of Nevada, whose Chairman Tianzhou Deng and whose Chief

                                            - 1 -                                    528753.1

Executive Officer Bo Huang together own and control, through Skywide Capital Management Limited ("Skywide"), 39.4% of the Company's common stock, is engaged in the manufacture and sale of customized pressure containers and compressed natural gas ("CNG") facilities and equipment, the manufacture of CNG storage and transportation products and the construction of CNG stations for third parties, the operation of CNG filling stations, and the manufacture of vehicle conversion equipment to enable a gasoline-powered vehicle to operate using CNG.  All of the Company's business is in China.  Mr. Deng and Mr. Huang each own 50% of the equity of Skywide.  The members of the Company's Board of Directors consist of defendants: Tianzhou Deng, Bo Huang, Xiang Dong Yang, Robert I. Adler, Renjie Lu, Greg Marcinkowski, and Baoheng Shi (collectively, the "Individual Defendants").

B.     On October 12, 2009, the Company announced that Skywide signed an agreement with Sinoenergy (the "Merger Agreement") whereby Sinoenergy would be merged with and into Skywide, and, pursuant to the terms of the merger, each shareholder of Sinoenergy, other than Skywide, Sinoenergy and their respective wholly-owned subsidiaries would receive $1.90 per share in cash (the "Merger").  The Merger was conditioned on the holders of more than 50% of the outstanding common stock of Sinoenergy voting in favor of the Merger.  The members of the Special Committee of the Board of Directors which considered the fairness of the proposed Merger transaction consisted of Messrs. Robert I. Adler, Renjie Lu, Greg Marcinkowski, and Baoheng Shi (the "Special Committee").

C.     On October 16, 2009, plaintiffs Stephen Trecaso and Linda Watts filed an action captioned *Trecaso, et al. v. Huang, et al.,* Index No. 601665/09, in the New York Supreme Court, Nassau County (the "New York Action").  Plaintiffs Trecaso and Watts named as defendants Sinoenergy and the Individual Defendants.  Plaintiffs Trecaso and Watts asserted, *inter alia*, that the Individual Defendants had breached their fiduciary duties to the Company's shareholders by approving the Merger Agreement and agreeing to the Merger with Skywide;

D.     On October 26, 2009, plaintiff Robert E. Guzman filed an action captioned *Guzman v. Sinoenergy Corporation, et al.,* Case No. A09-602440 (the "Guzman Action") in the Eighth Judicial District Court of the State of Nevada, in and for Clark County (the "Nevada State

528753.1

Court").   Plaintiff Guzman named as defendants Sinoenergy, Skywide and the Individual Defendants.  Plaintiff Guzman asserted, *inter alia*, that the Individual Defendants had breached their fiduciary duties to the Company's shareholders by approving the Merger Agreement and agreeing to the Merger with Skywide;

E.    On October 26, 2009, plaintiff Carol Karch filed an action captioned *Karch v. Sinoenergy Corporation, et al.,* Case No. A09-602439, (the "Karch Action") in the Nevada State Court.  Plaintiff Karch named as defendants Sinoenergy, Skywide and the Individual Defendants. Plaintiff Karch asserted, *inter alia*, that the Individual Defendants had breached their fiduciary duties to the Company's shareholders by approving the Merger Agreement and agreeing to the Merger with Skywide;

F.    On October 26, 2009, plaintiff Johan L. Stoltz filed an action captioned *Stoltz v. Sinoenergy Corporation, et al.,* Case No. A09-602441 (the "Stoltz Action") in the Nevada State Court.  Plaintiff Stoltz named as defendants Sinoenergy, Skywide and the Individual Defendants. Plaintiff Stoltz asserted, *inter alia*, that the Individual Defendants had breached their fiduciary duties to the Company's shareholders by approving the Merger Agreement and agreeing to the Merger with Skywide;

G.    On October 29, 2009, plaintiff Robert Grabowski filed an action captioned *Grabowski v. Sinoenergy Corporation, et al.,* Case No. A09-602741 (the "Grabowski Action") in the Nevada State Court.  Plaintiff Grabowski named as defendants Sinoenergy, Skywide and the Individual Defendants.  Plaintiff Grabowski asserted, *inter alia*, that the Individual Defendants had breached their fiduciary duties to the Company's shareholders by approving the Merger Agreement and agreeing to the Merger with Skywide;[1]

H.    None of Defendants except Sinoenergy and defendants Adler and Marcinkowski has been served in the Actions; and the Company and Adler have challenged, by filing Motions

---

[1] Plaintiffs Stephen Trecaso, Linda Watts, Robert E. Guzman, Carol Karch, Johan L. Stoltz, and Robert Grabowski will be collectively referred to herein as "Plaintiffs."  The Guzman Action, Karch Action, Stoltz Action, and Grabowski Action collectively will be referred to herein as the "Nevada Actions."  Both the Nevada Actions and the New York Action collectively will be referred to herein as the "Actions", unless separately identified.

528753.1

to Dismiss on January 26, and 29, 2010 respectively, jurisdiction over them in the New York Action and in addition, as to Adler, the manner of service upon him;

I.     The Nevada Actions were removed and are now pending in this Court;

J.     In the Nevada Actions, the plaintiffs filed Motions for Remand to the Nevada State Court, which motions and time to answer have been stayed by Order dated March 15, 2010;

K.     In the New York Action, the Motions to Dismiss filed by Sinoenergy and Robert Adler have been stayed there by Order of that Court dated March 22, 2010 pending settlement of the Actions before this Court;

L.     On November 13, 2009, the Company filed a Preliminary Proxy Statement on Form PREM 14A (the "Preliminary Proxy") with the U.S. Securities and Exchange Commission (the "SEC") with the intent of soliciting shareholder approval of the Merger Agreement at a special meeting of the Company's shareholders (the "Special Meeting");

M.     On November 19, 2009, the plaintiffs in the New York Action made a formal written demand on Defendants that could form the basis for a settlement;

N.     On December 15, 2009, the plaintiffs in the Nevada Actions made a formal written demand on Defendants that could form the basis for a settlement;

O.     Counsel for all the parties met on January 14, 2010, and following negotiations among the parties, counsel reached an agreement in principle providing for the proposed settlement of the Actions (the "Settlement");

P.     After extensive negotiations, the parties memorialized their agreement in principle in a Memorandum of Understanding dated March 5, 2010 (the "MOU"), providing for the settlement of the Actions between and among Plaintiffs, on behalf of themselves and the Settlement Class (as defined herein), and Defendants;

Q.     On March 10, 2010, Seth D. Rigrodsky, Esquire, at the law firm of Rigrodsky & Long, P.A., 919 North Market Street, Suite 980, Wilmington, DE 19801, counsel for plaintiff Stoltz, entered his appearance as additional counsel for plaintiffs Carol Karch and Robert E. Guzman;

- 4 -

528753.1

R.     On March 11, 2010, plaintiff Stoltz dismissed the Stoltz Action by filing a Notice of Voluntary Dismissal with the Court;

S.     On March 15, 2010, the Court signed an Order that consolidated the three pending Nevada Actions and, as noted above, stayed proceedings in the Consolidated Nevada Action pending a hearing pursuant to Fed. R. Civ. P. 23(e) that is currently scheduled to occur on May 17, 2010 (the "Fairness Hearing") (as defined above, the three pending Nevada Actions are referred to herein as the "Consolidated Nevada Action" and, when they also include the New York Action are referred to herein as the "Actions");

T.     On March 29, 2010, the Company entered into an amended and restated agreement and plan of merger with Skywide that eliminated and or modified certain terms of the Merger Agreement as agreed to in connection with the Settlement and set forth below;

U.     On April 9, 2010, the Company filed a revised preliminary proxy statement with the SEC in connection with the Settlement. As agreed to below, the disclosures in that filing were made in connection with the Settlement to address certain claims for breach of the fiduciary duty of disclosure raised by plaintiffs in the Actions. Also on April 9, 2010 the Company filed with the SEC the Updated Fairness Presentation (as defined below) prepared in connection with the Settlement on Form SC 13E1/A.

V.     Plaintiffs have engaged in discovery in order to confirm the fairness of the Settlement, including the review of hundreds of pages of documents and depositions of Robert I. Adler, chairman of the Special Committee of the Company's Board of Directors formed in connection with the Merger and a representative of Brean Murray Carrett & Co. ("Brean Murray"), the investment banker that was engaged by the Special Committee to prepare a fairness opinion;

W.     In agreeing to settle the Actions, Plaintiffs and their counsel have considered: (i) the risks attendant to litigation and the uncertainty of a positive outcome of the Actions; (ii) the substantial benefits to the Settlement Class (as defined herein) arising from the settlement of the Actions; and (iii) the conclusion of Plaintiffs and their counsel that, under the circumstances, the terms and conditions of the Settlement are fair, reasonable and adequate;

528753.1

X.    Defendants have denied and continue to deny all liability in the Actions, deny that they have engaged in any wrongdoing, and deny that they have committed, have attempted to commit, or have aided and abetted in the commission of any violation of law or breach of any duty to Sinoenergy's shareholders.  Defendants have agreed to the Settlement and the dismissal of these Actions with prejudice, under the terms and conditions set forth in this Stipulation, in order to (i) avoid further expense, inconvenience and distraction associated with continued litigation of Plaintiffs' claims, and (ii) put to rest with finality all claims arising out of the Actions. Defendants' entry into the Stipulation is not an admission by Defendants as to any merit of lack of defenses to any of the claims asserted in the Actions; and

Y.    Plaintiffs' entry into the Stipulation is not an admission as to the lack of any merit of any of the claims asserted in the Actions.

NOW THEREFORE THE PARTIES AGREE TO SETTLE THE ACTIONS (SUBJECT TO APPROVAL OF THE COURT) ON THE FOLLOWING TERMS:

1.    In consideration for the Settlement and dismissal with prejudice of the Actions and the releases provided herein, and subject to the additional conditions, terms and limitations described herein, the parties agreed as follows:

a.    On April 9, 2010, Sinoenergy will file a revised Proxy (the "Revised Proxy Statement") with the SEC on Form PREM 14A, PRER14A, in the form attached hereto as Exhibit A.  Plaintiffs' counsel will have had two opportunities to review and provide comments to the revised and re-revised Proxy Statement and counsel for the Special Committee will have considered any comments so made and shall have made revisions that counsel for the Special Committee deems appropriate.

b.    The Merger Agreement will be amended to eliminate in its entirety the "Matching/Topping" provision found in Section 7.1(b)(ii) therein.    If, in the alternative, Sinoenergy and Skywide enter into an amended and restated merger agreement, such new agreement shall not contain any matching/topping provisions.

c.    The Merger Agreement will be amended to adjust the "Termination Fee" as set forth in Section 9.3(b) to reflect Skywide's actual expenses incurred in connection with the

- 6 -

528753.1

Merger and Merger Agreement, which total expenses will be set forth in the Stipulation and provided to Plaintiffs, and in all events, such termination fee shall not exceed amount more than 3% of the total deal price.

       d.      As agreed to in the MOU, on March 22, 2010, Brean Murray made a presentation to the Company's Board of Directors and the Special Committee (the "Updated Fairness Presentation"). The results of the Updated Fairness Presentation were disclosed to the Company's shareholders in Form SC 13E1/A filed with the SEC on April 9, 2010, including the materials shown to the Company's Board of Directors or the Special Committee.

       2.      Defendants agree that the pendency of the Actions and the efforts of Plaintiffs and their counsel were the sole cause of the Settlement benefits described above in paragraph 1.

       3.      For purposes of the Settlement only, only the Consolidated Nevada Action shall be maintained as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of a non-opt-out settlement class consisting of all shareholders of record and beneficial holders of the common stock of the Company at any time during the period beginning on and including October 12, 2009, the date of the announcement of the Merger, through and including April 15, 2010, including the legal representatives, heirs, successors in interest, transferees and assignees of all such foregoing holders and/or persons, immediate and remote (the "Settlement Class").[2]

       4.      Upon the Effective Date of this Settlement (as defined in this paragraph), all claims, rights, causes of action, suits, demands, liabilities, damages, losses, obligations, judgments, matters and issues, known or unknown, contingent or absolute, suspected or unsuspected, arising under common law or statutory law, state, federal or foreign law, including, without limitation, all securities laws (except claims arising from any breach of the terms of this Stipulation) that arise now or hereafter out of, or relate to, directly or indirectly, or that are, were, or could have been asserted by any plaintiff or any member of the Settlement Class in connection with the Actions, including but not limited to the Merger, the Special Meeting, and the adequacy

---

[2] Excluded from the Settlement Class are the Defendants, their current and former officers and directors, affiliates, legal representatives, heirs, predecessors, successors and assigns, and any entity in which and of the Defendants or their current or former officers or directors has a controlling interest or of which any of the Defendants is a parent or subsidiary.

528753.1

or completeness of disclosures relating thereto, whether asserted directly, derivatively, legal or equitable or otherwise, against any or all of the Defendants or any of their respective families, parent entities, affiliates, subsidiaries, predecessors, successors or assigns, and each and all of their respective past or present officers, directors, associates, stockholders, members, controlling persons, representatives, employees, attorneys, counselors, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates or administrators of any of the foregoing (collectively the "Releasees"), which have been and/or could have been asserted in any court, tribunal or proceeding, that relate to the actions of Sinoenergy, the Board of Directors of Sinoenergy (including each member of Skywide), shall be fully, finally and forever compromised, settled, released.  For purposes of this Stipulation and the Settlement, "Effective Date" means the earliest business day after the occurrence of all the events specified in Paragraph 12 (a) through (d).

5.      Upon the Effective Date of this Settlement, the Releasees agree to and will completely release all claims relating to the subject matter of the Actions that they have or may have against the named Settlement Class representatives only, and their counsel, including any claims based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Actions; provided, however, that the Releasees shall retain the right to enforce the terms of this Stipulation.

6.      The parties agree that the release contemplated by this Stipulation shall extend to claims that the releasing parties do not know or suspect to exist at the time of the release, which, if known, might have affected the releasing parties' decision to enter into the release; that the releasing parties shall be deemed to relinquish, to the extent applicable, and to the full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST

528753.1

HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
WITH THE DEBTOR;

and that the releasing parties shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542. The parties to this Stipulation acknowledge that the foregoing waiver was separately bargained for and is a material term of this Stipulation.

7. All Defendants deny that they committed any violations of law or otherwise acted or failed to act in a proper manner and contend that Defendants are entering into the Stipulation because the proposed Settlement would eliminate the risk, burden and expense of further litigation, would fully and finally resolve all Settled Claims, permit the Merger to be consummated without the risk of injunctive relief or delay and would permit the Company's shareholders to receive the consideration provided for in the Merger.

8. As soon as practicable after the execution of the Stipulation, the parties shall apply jointly for a (a) preliminary approval order in the form attached hereto as Exhibit B (the "Preliminary Approval Order"), (b) approval of notice to the Settlement Class (the "Notice," Exhibit C) and (c) the Court's consideration of the Settlement, permanent certification of the Settlement Class and the application by counsel for Plaintiffs for attorneys' fees and expenses.

9. The Claims Administrator, Garden City Group, shall be responsible for administering and Defendants shall be responsible for paying all costs and expenses incurred in providing such Notice to the members of the Settlement Class. No later than ten (10) business days prior to the hearing concerning final Court approval of the Settlement, Garden City Group shall file with the Court an appropriate affidavit with respect to the preparation and dissemination of the Notice. The Notice shall be provided to all record and beneficial owners of Company common stock by first-class mail, postage pre-paid, substantially in the form attached hereto as Exhibit C. Garden City Group shall disseminate the Notice on or about April 15, 2010, or as the Court otherwise orders.

10. The parties to this Stipulation will jointly present the Settlement to the Court for Final Court Approval (as defined in paragraph 14 of this Stipulation) as soon as reasonably

528753.1

practicable following appropriate Notice to the members of the Settlement Class and will use their best efforts to obtain expeditiously Final Court Approval of the Settlement and the dismissal of the Actions with prejudice.

11.    The parties agree that as previously provided for in the Order of this Court dated March 15, 2010 and by Order of the Court in the New York Action on March 22, 2010, pending final determination by the Court of whether the Settlement and Stipulation should be approved, Plaintiffs and all members of the Settlement Class, or any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any claims against any of Defendants.

12.    Consummation of the Settlement is subject to and contingent upon the occurrence of all of the following events:

a.    The dismissal with prejudice of the Actions without the award of any damages, costs, fees or the grant of any further relief except for the award of fees and expenses pursuant to paragraph 18 of this Stipulation;

b.    The entry of a final judgment in the Consolidated Nevada Action approving the Settlement and providing for the dismissal with prejudice of the Consolidated Nevada Action and approving the grant of a release by the Settlement Class to Defendants of the Settled Claims;

c.    The inclusion in the final judgment of a provision enjoining all members of the Settlement Class from asserting any of the Settled Claims; and

d.    Final Court Approval (as defined below) such that final judgment and dismissal of the Actions being finally affirmed on appeal or such final judgment and dismissal not being subject to appeal (or further appeal) by lapse of time or otherwise.

13.    If the Court approves the Settlement (including any modification thereto made with the consent of the parties as provided herein), the parties shall jointly request the Court to enter an Order and Final Judgment substantially in the form attached hereto as Exhibit D (the "Judgment").

14.    For purposes of the Stipulation, "Final Court Approval" means that a Judgment approving the Settlement has been entered by the Court and is no longer subject to appeal, either because the time for an appeal has expired with no appeal having been taken or motion for

528753.1

reargument made, or an appeal has been taken but has been dismissed with no further right of appeal, or the Judgment approving the Settlement has been finally affirmed with no further right of appeal or reargument.

15.     This Stipulation shall be null and void and of no force and effect if Final Court Approval of the Settlement does not occur for any reason.  In such event, the parties shall return to their respective litigation positions in each of the Actions as of the time immediately prior to the date of the execution of the MOU, as though it were never executed or agreed to, and neither the MOU nor this Stipulation shall be deemed to prejudice in any way the positions of the parties with respect to the Actions, or to constitute an admission of fact by any party, shall not entitle any party to recover any costs or expenses incurred in connection with the implementation of this Stipulation or the Settlement, and neither the existence of this Stipulation, the MOU nor their contents shall be admissible in evidence or be referred to for any purposes in the Actions or in any litigation or judicial proceeding, other than to enforce the terms hereof.

16.     Promptly following Final Court Approval of the Settlement, the plaintiffs in the New York Action will file a stipulation of dismissal with prejudice.

17.     The Stipulation and all negotiations, statements and proceedings in connection therewith shall not in any event be construed or deemed to be evidence of an admission or concession on the part of any of the Defendants, any present or former shareholders of Sinoenergy, any member of the Settlement Class, or any other person of any liability or wrongdoing by them, or any of them, or lack of merit of any claim or defense asserted, and shall not be offered or received in evidence in the Actions or any other litigation or proceeding (except an action to enforce the Stipulation and Settlement contemplated thereby).

18.     If the Court approves this Stipulation, counsel for Plaintiffs in the Actions (both the Consolidated Nevada Action and the New York Action) intend to seek an award of attorneys' fees and expenses from this Court in an amount not to exceed $470,000, to be paid by the Company or any successor thereto subject to the approval of the Court in the Consolidated Nevada Action. Counsel for the Defendants acknowledge that Plaintiffs' counsel have a claim for an Attorneys' Fee Application based on the substantial benefits the settlement has and will provide to

- 11 -

528753.1

Sinoenergy shareholders and Defendants have agreed to the Attorneys' Fee Application, and will cause the Company (or any successor thereto) to pay any award of attorneys' fees, costs and expenses (the "Attorneys' Fee Award"), as directed by this Court, if and solely to the extent that such Attorneys' Fee Award does not exceed $470,000.  All parties agree that, notwithstanding any order of this Court making or approving an Attorneys' Fee Award, in no event shall Sinoenergy or its successors be obliged to pay to Plaintiffs, the Settlement Class or Plaintiffs' counsel any amount in excess of $470,000 for attorneys' fees, costs and expenses in connection with the Actions (other than those expenses incurred in disseminating the notice of Settlement by mail in accordance with the terms set forth herein, which notice Plaintiffs shall prepare and the Company shall mail at its expense).  Counsel in the New York Action agrees to be bound by the final ruling by the U.S. District Court in Nevada as to the Attorneys' Fee Award to be awarded to all plaintiffs' counsel including Levi & Korsinsky

19.     Subject to the approval of the Court, payment of the Attorneys' Fee Award will be made five (5) calendar days after entry of the last order of dismissal, with prejudice, in any of the Actions.  Any such payment to counsel for Plaintiffs, including counsel in the New York Action, shall be made directly by wire transfer to an account designated by Rigrodsky & Long, P.A., who shall have the responsibility for allocating the Attorneys' Fee Award among counsel for Plaintiffs, subject to counsel for Plaintiffs' respective obligations to make refunds or repayment to Sinoenergy (or any successor entity) if any specified condition to the Settlement is not satisfied or, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, any dismissal order is reversed or the fee or costs award is reduced or reversed.  Payment by or on behalf of Sinoenergy (or any successor entity or insurer) of the Attorneys' Fee Award to counsel for Plaintiffs  will discharge in full any obligation of Defendants to pay any and all attorneys' fees or expenses for any and all attorneys representing Plaintiffs or the Settlement Class in the Actions. Counsel for Plaintiffs and counsel for Defendants hereby expressly acknowledge that the provisions herein relating to the attorneys' fees and expenses that Sinoenergy (or any successor entity) will pay or cause to be paid was negotiated by counsel for Defendants and counsel for Plaintiffs only after the parties had agreed to all of the substantive terms of the Settlement

528753.1

contained herein.

20.     The parties' respective times to respond to any filed pleadings is extended indefinitely.  Plaintiffs will stay, and will not initiate, any other proceedings other than those incident to the Settlement.  The parties also agree to use their best efforts to prevent, stay or seek dismissal of or oppose entry of any interim or final relief in favor of any member of the Settlement Class in any other litigation against any of the parties to this Stipulation or which challenges the Settlement, the Merger Agreement, any of the transactions contemplated by the Merger Agreement, including, without limitation, the Merger, or otherwise involves any of the Settled Claims.  Counsel shall enter into such documentation as shall be required to effectuate the foregoing agreements.

21.     Except as expressly provided herein, Defendants shall bear no expenses, costs, damages, or fees alleged or incurred by the Plaintiffs, or by any member of the Settlement Class, or by any of their attorneys, experts, advisors, agents, or representatives.

22.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

23.     The Stipulation constitutes the entire agreement among the parties with respect to its subject matter and supersedes any prior oral or written understandings with respect thereto. The Stipulation may only be amended or any of its provisions waived by a writing executed by all parties to the Stipulation.

24.     Any failure by any party to insist upon the strict performance by any other party of any of the provisions of the Stipulation shall not be deemed a waiver of any of those provisions, and such party, notwithstanding such failure, shall have the right thereafter to insist upon strict performance of any and all of the provisions of the Stipulation to be performed by such other party.

25.     The Stipulation may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become binding when such counterparts have been signed by each of the parties and delivered to the other parties.

26.     The Stipulation, upon becoming operative, shall be binding upon and inure to the benefit of the parties hereto and their respective successors, assigns, transferees, heirs, executors,

528753.1

1  and administrators and upon any corporation, partnership or entity into or with which any party

2  may merge or consolidate.

3          27.     All of the exhibits hereto are incorporated by reference as if set forth herein

4  verbatim, and the terms of all exhibits are expressly made part of the Stipulation.

5          28.     Any action or proceeding concerning the provisions of the Stipulation shall be filed

6  exclusively in this Court and in no other forum.

7          29.     The parties and their attorneys agree to cooperate fully with one another in seeking

8  Court approval of the Stipulation and the Settlement, and to use their best efforts to effect, as

9  promptly as practicable, the consummation of the Settlement and the dismissal of the Actions with

10  prejudice and without any costs to any party (except as provided for by the Stipulation).

11          30.     Each of the attorneys executing the Stipulation on behalf of one or more of the

12  parties hereto warrants and represents that he or she has been duly authorized and empowered to

13  execute the Stipulation on behalf of his or her respective client or clients.  Plaintiffs and counsel

14  for Plaintiffs represent and warrant that Plaintiffs are members of the Settlement Class and that

15  none of Plaintiffs' claims or causes of action in the Actions has been assigned, encumbered, or in

16  any manner transferred in whole or in part.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

528753.1

1    IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed

2   by their duly authorized attorneys, dated as of March 5, 2010.

3   COOKSEY TOOLEN GAGE DUFFY &           MCDONALD CARANO & WILSON LLP
    WOOG
4
    By /s/ Martin A. Muckleroy                     By: /s/ Jeffrey A. Silvestri
5      Griffith Hayes, Esq.                            Jeffrey A. Silvestri, Esq.
       Nevada Bar No. 7374                             Nevada Bar No. 5779
6      Martin A. Muckleroy, Esq.                       2300 W. Sahara Avenue, Suite 1000
       Nevada Bar No. 9634                             Las Vegas, NV 89102
7      3930 Howard Hughes Parkway, Suite 200
       Las Vegas, NV 89169                             - and -
8      *Attorneys for Plaintiffs Carol Karch, Robert*
       *E. Guzman and Robert Grabowski*                SICHENZIA ROSS FRIEDMAN
9                                                      FERENCE LLP
       - and -                                         Michael H. Ference, Esq.
10                                                     Sameer Rastogi, Esq.
    RIGRODSKY & LONG, P.A.                             61 Broadway, 32nd Floor
11     Seth D. Rigrodsky, Esq.                         New York, NY 10006
       Brian D. Long, Esq.
12     919 North Market Street                         *Attorneys for Defendant Sinoenergy*
       Suite 980                                       *Corporation and Defendants Tianzhou*
13     Wilmington, DE 19801                            *Deng, Xiang Dong Yang and BoHuang in*
       *Attorneys for Plaintiffs Carol Karch and*      *their Official Capacities as Directors of*
14     *Robert E. Guzman*                              *Sinoenergy Corporation*

15     - and -                                      LEWIS AND ROCA LLP

16  STULL, STULL & BRODY
       Aaron L. Brody, Esq.
17     Jason D'Agnenica, Esq.                       By /s/ Thomas G. Ryan
       6 East 45th Street                          Thomas G. Ryan, Esq.
18     New York, NY 10017                              Nevada Bar No. 9378
       *Attorneys for Plaintiffs Carol Karch and*      Emily Gubler Clark, Esq.
19     *Robert E. Guzman*                              Nevada Bar No. 10547
       - and -                                         3993 Howard Hughes Parkway, Suite 600
20                                                     Las Vegas, Nevada 89169
    WEISS & LURIE
21     Joseph H. Weiss, Esq.                           - and -
       James E. Tullman, Esq.
22     551 Fifth Avenue, Suite 160                     ARENT FOX LLP
       New York, NY 10176                              Bernice K. Leber, Esq.
23     *Attorneys for Plaintiff Robert E. Guzman*      Jennifer Bougher, Esq.
                                                       1675 Broadway
24     - and -                                         New York, NY 10019

25  FINKELSTEIN THOMPSON LLP                          *Attorneys for Defendants Robert I. Adler,*
       Donald J. Enright, Esq.                         *Renjie Lu, Greg Marcinkowski and*
26     Elizabeth K. Tripodi, Esq.                      *Baoheng Shi*
       1050 30th Street, NW
27     Washington, D.C. 20007
       *Attorneys for Plaintiff Robert Grabowski*
28

- 15 -

528753.1

1

LEVI & KORSINSKY, LLP

2

By /s/ Juan E. Monteverde

3
  Joseph Levi, Esq.
  Juan E. Monteverde, Esq.

4
  30 Broad Street – 15th Floor
  New York, NY 10004

5

*Attorneys for Plaintiffs Stephen Trecaso*

6
*and Linda Watts in the New York Action*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -

528753.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Lewis and Roca LLP and that on the 12th day of April, 2010 a true and correct copy of the foregoing was served on the parties to this case through electronic transmission of the Notice of Electronic Filing, which constitutes service of a document on Filing Users under the Court's Electronic Fling Procedures to all parties to this case who are Filing Users of the Electronic Filing System of the United States District Court for the District of Nevada.

_/s/ Judy Estrada_____
An Employee of Lewis and Roca LLP

528753.1