Griffith Hayes, Esq.
Nevada Bar No. 7374
Martin A. Muckleroy, Esq.
Nevada Bar No. 9634
COOKSEY TOOLEN GAGE DUFFY & WOOG
3930 Howard Hughes Parkway, Suite 200
Las Vegas, NV  89169
(702) 949-3100
(702) 949-3104 (fax)
*Attorneys for Plaintiffs Carol Karch,*
*Robert E. Guzman & Robert Grabowski*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAROL KARCH, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SINOENERGY CORPORATION, TIANZHOU DENG, XIANG DONG YANG, BO HUANG, ROBERT I. ADLER, RENJIE LU, GREG MARCINKOWSKI, BAOHENG SHI, AND SKYWIDE CAPITAL MANAGEMENT LIMITED,<br><br>Defendants. | CASE NO.:   2:09-CV-2320-PMP-LRL<br><br>*Consolidated with:*<br>2:09-CV-2321-JCM-PAL<br>2:09-CV-2322-RCJ-RJJ<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT, SETTLEMENT CLASS CERTIFICATION, AND PROVIDING FOR NOTICE TO THE CLASS** |

WHEREAS a consolidated class action is currently pending before the United States District Court for the District of Nevada (the "Court") entitled *Karch v. Sinoenergy Corporation et al.,* No. 2:09-CV-2320-PMP-LRL (the "Consolidated Nevada Action");

WHEREAS the Court has received the Stipulation of Settlement dated as of March 5, 2010 (the "Stipulation"), entered into by the lead plaintiff and representative of the Settlement Class (as defined herein) Carol Karch ("Lead Plaintiff"), by and through her undersigned counsel of record, Cooksey Toolen Gage Duffy & Woog, Rigrodsky & Long, P.A. and Stull, Stull & Brody ("Lead Counsel"), and Rigrodsky & Long, P.A., Stull, Stull & Brody, Weiss & Lurie on behalf of Robert

528751

1    E. Guzman; by Finkelstein Thompson LLP on behalf of Robert Grabowski; and by Levi

2    Korsinsky LLP on behalf of Stephen Trecaso and Linda Watts (collectively, "Plaintiffs' Counsel")

3    in the above-captioned class action litigation (the "Action") on the one hand[1]; and defendants

4    Sinoenergy Corporation ("Sinoenergy" or the "Company"), Tianzhou Deng, Xiang Dong Yang

5    and Bo Huang, in their official capacities as directors of Sinoenergy, by their counsel McDonald

6    Carano & Wilson LLP and Sichenzia Ross Friedman Ference LLP, and defendants Robert I.

7    Adler, Renjie Lu, Greg Marcinkowski and Baoheng Shi by their counsel Lewis and Roca LLP and

8    Arent Fox LLP (collectively, "Defendants' Counsel") on the other[2], and the Court has reviewed

9    the Stipulation and its attached Exhibits; and

10          WHEREAS the Parties having made application, pursuant to Federal Rules of Civil

11   Procedure 23(e), for an order preliminarily approving the Settlement[3] of the Actions, in

12   accordance with the Stipulation which sets forth the terms and conditions for the Settlement of the

13   Actions and for dismissal of the Actions with prejudice upon the terms and conditions set forth

14   therein; and the Court having read and considered the Stipulation;

15          WHEREAS all defined terms contained herein shall have the same meanings as set forth in

16   the Stipulation;

17

---

18   [1] As discussed in the Stipulation, on October 16, 2009, Stephen Trecaso and Linda Watts filed an action captioned
19   *Trecaso, et al. v. Huang, et al.,* Index No. 601665/09, in the New York Supreme Court, Nassau County (the "New York Action"). On October 26, 2009, Robert E. Guzman filed an action captioned *Guzman v. Sinoenergy*
20   *Corporation, et al.,* Case No. A09-602440 (the "Guzman Action") in the Eighth Judicial District Court of the State of Nevada, in and for Clark County (the "Nevada State Court"). On October 26, 2009, Lead Plaintiff Carol Karch
21   filed an action captioned *Karch v. Sinoenergy Corporation, et al.,* Case No. A09-602439, (the "Karch Action") in the Nevada State Court. On October 26, 2009, Johan L. Stoltz filed an action captioned *Stoltz v. Sinoenergy*
22   *Corporation, et al.,* Case No. A09-602441 (the "Stoltz Action") in the Nevada State Court. On October 29, 2009, plaintiff Robert Grabowski filed an action captioned *Grabowski v. Sinoenergy Corporation, et al.,* Case No. A09-602741 (the "Grabowski Action") in the Nevada State Court.

23          Plaintiffs Stephen Trecaso, Linda Watts, Robert E. Guzman, Carol Karch, Johan L. Stoltz and Robert Grabowski
24   will be collectively referred to herein as the "Plaintiffs." The Guzman Action, Karch Action, Stoltz Action, and Grabowski Action collectively will be referred to herein as the "Nevada Actions." Both the Nevada Actions and the
25   New York Action collectively will be referred to herein as the "Actions", unless separately identified.

26   [2] Defendants Tianzhou Deng, Xiang Dong Yang, Bo Huang, Robert I. Adler, Renjie Lu, Greg Marcinkowski and Baoheng Shi collectively will be referred to herein as the "Individual Defendants." The Individual Defendants,
27   Sinoenergy and Skywide Capital Management Ltd. ("Skywide") collectively will be referred to herein as the "Defendants." Plaintiffs and Defendants collectively will be referred to as the "Parties."

28   [3] As discussed in the Stipulation, counsel for all the Parties met on January 14, 2010, and following negotiations among the Parties, counsel reached an agreement in principle providing for the proposed settlement of the Actions (the "Settlement").

528751

1    NOW, THEREFORE, IT IS HEREBY ORDERED:

2    1.    The Court certifies the Settlement Class, as defined as follows:

3
          All shareholders of record and beneficial holders of the common stock of the
4         Company at any time during the period beginning on and including October 12, 2009, the
          date of the announcement of the merger of Sinoenergy with and into Skywide (the
5         "Merger") through and including April 15, 2010, including the legal representatives, heirs,
          successors in interest, transferees and assignees of all such foregoing holders and/or
6         persons, immediate and remote[4].

7    2.    The Court finds that certification of the Settlement Class, as defined above, is appropriate

8    because:

9         (a)    The Settlement Class is so numerous that joinder of all members is impracticable,

10   satisfying the requirements of Rule 23(a)(1);

11        (b)    There are questions of law or fact common to the Settlement Class, satisfying the

12   requirements of Rule 23(a)(2);

13        (c)    The claims of the Lead Plaintiff are typical of the claims of the Settlement Class,

14   satisfying the requirements of Rule 23(a)(3);

15        (d)    The Lead Plaintiff, as a representative party, will fairly and adequately protect the

16   interests of the Settlement Class, satisfying the requirements of Rule 23(a)(4); and

17        (e)    Prosecuting separate actions by or against individual members of the Settlement

18   Class would create a risk of (i) inconsistent or varying adjudications with respect to individual

19   members of the Settlement Class that would establish incompatible standards of conduct for the

20   party opposing the Settlement Class, or (ii) adjudications with respect to individual members of

21   the Settlement Class that, as a practical matter, would be dispositive of the interest of the other

22   members not parties to the individual adjudications or would substantially impair or impede their

23   ability to protect their interests, satisfying the requirements of Rule 23(b)(1). and (iii) the party

24   opposing the class has acted or refused to act on grounds that apply generally to the class, so that

25   injunctive or corresponding declaratory relief is appropriate respecting the class as a whole,

26

27   _____

[4] Excluded from the Settlement Class are the Defendants, their current and former officers and directors, affiliates,
28   legal representatives, heirs, predecessors, successors and assigns, and any entity in which any of the Defendants or
     their current or former officers or directors has a controlling interest or of which any of the Defendants is a parent or
     subsidiary.

528751

1    satisfying the requirements of Rule 23(b)(2).

2    3.      The Court does hereby preliminarily approve the Stipulation and the terms of Settlement

3    set forth therein, subject to further consideration at the Fairness Hearing as defined and described

4    below.

5    4.      A hearing (the "Fairness Hearing") shall be held before this Court on May 17, 2010 at

6    11:30 a.m., at the United States Courthouse, 333 Las Vegas Boulevard, Courtroom 7C, Las Vegas,

7    Nevada 89101, to determine whether the Settlement of the Actions, on the terms and conditions

8    provided for in the Stipulation, is fair, just, reasonable and adequate to the Settlement Class and

9    should be approved by the Court; whether a Judgment as provided in the Stipulation should be

10   entered herein; and whether the Attorneys' Fee Application (as defined in the Stipulation) should

11   be approved.  The Court may adjourn the Fairness Hearing without further notice to members of

12   the Settlement Class.

13   5.      If the Court approves the proposed Settlement at the Fairness Hearing, it will enter an

14   Order finally approving the Settlement prior to the expiration of the 90 day period provided under

15   the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(d).

16   6.      The Court approves, as to form and content, the Notice of Pendency of Consolidated Class

17   Action Certification, Proposed Settlement, Right to Appear, Motion for Attorneys' Fees and

18   Expenses and Hearing Thereon (the "Notice"), and Summary Notice for publication annexed

19   respectively as Exhibits 1 and 2 of this Preliminary Approval Order and finds that the mailing and

20   distribution of the Notice and publishing of the Summary Notice substantially in the manner and

21   form set forth in ¶¶ 5-6 of this Preliminary Approval Order meet the requirements of Federal

22   Rules of Civil Procedure 23, including the provisions relating to notice set forth in subsections (c),

23   (d), (e), (h) of Rule 23, and due process, and are the best notice practicable under the

24   circumstances and shall constitute due and sufficient notice to all persons entitled hereto.

25   7.      The firm of Garden City Group Inc. (the "Claims Administrator") is hereby appointed to

26   supervise and administer the notice procedure, as well as the processing of claims as more fully set

27   forth below:

28          (a)     The Claims Administrator shall make reasonable efforts to identify all persons who

- 4 -

528751

1   are members of the Settlement Class.  No later than April 15, 2010, the Claims Administrator shall

2   cause a copy of the Notice, substantially in the forms annexed hereto as Exhibits 1 and 2, to be

3   mailed by first-class mail to all members of the Settlement Class who can be identified with

4   reasonable effort (the "Notice Date"); in addition, no later than ten (10) calendar days after the

5   Stipulation is filed in this Court, the Claims Administrator, on behalf of the Defendants, shall

6   serve upon the appropriate federal official and appropriate state officials of each state in which a

7   member of the Settlement Class resides pursuant to 28 U.S.C. § 1715 a notice of proposed

8   settlement consisting of a copy of (a) the complaint in the Consolidated Nevada Action, (b) this

9   Preliminary Approval Order scheduling the Fairness Hearing in the Consolidated Nevada Action,

10  (c) the Notice and Release, (d) the Stipulation, (e) the proposed final Judgment, and (f) a list of

11  those members of the Settlement Class who reside in each state and the estimated proportionate

12  share of the claims of such members to the entire Settlement (the "List") to that state's appropriate

13  state official or, if the List is not feasible, a reasonable estimate of the number of members of the

14  Settlement Class residing in each state and estimated proportionate share of the claims of such

15  members to the entire Settlement.  At least seven (7) calendar days prior to the Fairness Hearing,

16  the Claims Administrator shall file with the Court proof, by affidavit or declaration, of (g) mailing

17  of the Notice and Release to the shareholders and (h) its compliance with the requirements of

18  mailing to the federal and state officials in the detail described above on behalf of the Defendants;

19        (b)    Not later than ten (10) calendar days after the Notice Date, the Claims

20  Administrator shall cause the Summary Notice to be published once in the *Investor's Business*

21  *Daily* and in *The Wall Street Journal;*

22        (c)    Not later than ten (10) calendar days after the Notice Date, the Defendants shall

23  cause the Summary Notice to be posted at www.sinoenergy.com, for a period of not less than

24  thirty-two (32) days;

25        (d)    At least seven (7) calendar days prior to the Fairness Hearing, counsel for

26  Sinoenergy shall cause to be served upon counsel and filed with the Court, proof, by affidavit or

27  declaration, of such posting; and

28        (e)    The expenses for the Claims Administrator to provide the notices set forth above in

1    ¶ 6(a) shall be borne by the Defendants.

2    8.      All members of the Settlement Class shall be bound by all determinations and judgments

3    in the Actions concerning the Settlement, whether favorable or unfavorable to the Settlement

4    Class.

5    9.      Any member of the Settlement Class may enter an appearance in the Consolidated Nevada

6    Action, at his/her/its own expense, individually or through counsel of his/her/its own choice, in

7    which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and

8    Defendants' Counsel a notice of such appearance.  If any such member of the Settlement Class

9    does not enter an appearance, he/she/it will be represented by Lead Counsel.

10   10.     Any member of the Settlement Class may appear and show cause, if he, she or it has any

11   reasons why the Settlement should or should not be approved as fair, reasonable and adequate,

12   why a Judgment should or should not be entered thereon, why the Attorneys' Fee Award (as

13   defined in the Stipulation) should or should not be made to Plaintiffs' Counsel; provided,

14   however, that no member of the Settlement Class or any other person shall be heard or entitled to

15   contest such matters, unless that member of the Settlement Class has delivered by hand, or sent by

16   first-class mail or private courier, written objections and copies of any papers and briefs such that

17   they are received on or before May 10, 2010, by Martin A. Muckelroy, Cooksey Toolen Gage

18   Duffy & Woog, 3930 Howard Hughes Parkway, Suite 200, Las Vegas, Nevada 89169, by Thomas

19   G. Ryan, Lewis and Roca LLP, 3993 Howard Hughes Parkway, Suite 600, Las Vegas, Nevada

20   89169, and by Jeffrey A. Silvestri, McDonald Carano & Wilson LLP, 2300 W. Sahara Avenue,

21   Suite 1000, Las Vegas, Nevada 89102 and filed said objections, papers and briefs with the Clerk

22   of the Court, on or before May 10, 2010.  Any objection must include: (a) the full name, address,

23   and phone number of the person on whose behalf the objection is made; (b) a list of the purchases

24   of Sinoenergy common stock made by that person; (c) a written statement of all grounds for the

25   objection accompanied by any legal support for the objection; (d) copies of any papers, briefs, or

26   other documents upon which the objection is based; (e) a list of all persons who will be called to

27   testify in support of the objection; (f) a statement of whether the person making the objection

28   intends to appear, if at all, personally or through a designated representative at the Fairness

528751

Hearing; (g) a list of other cases in which both the person making the objection and, if represented by counsel, his or her counsel, both have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the signature of the person making the objection as well as, if represented by counsel, the signature of counsel, if any, who represents the person making the objection.  If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys who will appear at the Fairness Hearing. Any member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation.

11.     The Parties are permitted to modify the Notice, Release, and/or Summary Notice without further court approval prior to publication, mailing and/or posting to correct subsequently discovered errors, enhance existing disclosures, include additional disclosures, or to simplify the rest for the purposes of improving the accuracy of those documents or to aid the Settlement Class' comprehension and understanding.

12.     All papers in support of the Settlement and Attorneys' Fee Award (as defined in the Stipulation) shall be filed and served so as to be received by Defendants' counsel no later than seven (7) calendar days before the Fairness Hearing.

13.     The Defendants and Defendants' Counsel shall have no responsibility for any application for attorneys' fees or reimbursement of expenses submitted by any of Plaintiffs' Counsel or Lead Counsel, and such matters will be considered apart from the standpoint of the fairness, reasonableness and adequacy of the Settlement.

14.     At or after the Fairness Hearing, the Court shall determine whether the Stipulation shall be finally approved, whether a final Judgment shall be entered and the form of said Judgment, and shall consider in connection with approving a final Judgment any applications for some or all of: Plaintiffs' Counsel's attorneys' fees, reimbursement of Plaintiffs' Counsel's expenses, and Lead Plaintiff's expenses.

15.     All reasonable expenses incurred in identifying and notifying Settlement Class Members shall be paid as set forth in the Stipulation to the Garden City Group, Inc.

528751

16.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

17.     Pending final determination of whether the Stipulation should be approved, Lead Plaintiff, all members of the Settlement Class, and anyone who acts for or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Releasee, as those terms are defined in the Stipulation.

**IT IS SO ORDERED:**

UNITED STATES DISTRICT JUDGE

DATED: April 13  2010

- 8 -

528751

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| CAROL KARCH, Individually and on behalf of all others similarly situated, | ) ) ) | Case No. 02:09-CV-2320-PMP-LRL |
| Plaintiff, | ) ) | *Consolidated with:* |
| v. | ) ) ) | 2:09-CV-2321-JCM-PAL 2:09-CV-2322-RCJ-RJJ |
| SINOENERGY CORPORATION, TIANZHOU DENG, XIANG DONG YANG, BO HUANG, ROBERT I. ADLER, RENJIE LU, GREG MARCINKOWSKI, BAOHENG SHI and SKYWIDE CAPITAL MANAGEMENT LIMITED, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF PENDENCY OF CONSOLIDATED CLASS ACTION, PROPOSED SETTLEMENT OF CONSOLIDATED CLASS ACTION, HEARING ON PROPOSED SETTLEMENT, AND RIGHT TO <u>APPEAR AT HEARING ON PROPOSED SETTLEMENT</u>

TO:   ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF SHARES OF COMMON STOCK OF SINOENERGY CORPORATION ("SINOENERGY") AT ANY TIME DURING THE PERIOD BEGINNING ON AND INCLUDING OCTOBER 12, 2009 THROUGH AND INCLUDING APRIL 15, 2010 IN WHICH A WHOLLY OWNED SUBSIDIARY OF SKYWIDE CAPITAL MANAGEMENT LIMITED ("SKYWIDE") WILL BE MERGED WITH AND INTO SINOENERGY (THE "SETTLEMENT CLASS"), INCLUDING ANY AND ALL OF THEIR RESPECTIVE SUCCESSORS IN INTEREST, PREDECESSORS, REPRESENTATIVES, TRUSTEES, EXECUTORS, ADMINISTRATORS, HEIRS, ASSIGNS OR TRANSFEREES, IMMEDIATE AND REMOTE, AND ANY PERSON OR ENTITY ACTING FOR OR ON BEHALF OF, OR CLAIMING UNDER ANY OF THEM, AND EACH OF THEM.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.   YOUR RIGHTS WILL BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS LITIGATION. IF THE COURT APPROVES THE SETTLEMENT (AS DEFINED BELOW), YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS, REASONABLENESS AND ADEQUACY OF THE SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS (AS DEFINED BELOW).

IF YOU HELD SINOENERGY COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.

## I.     <u>PURPOSE OF NOTICE</u>

The purpose of this Notice is to inform you of the proposed settlement (the "Settlement") between the parties to the Actions (as defined below) pending in the United States District Court for the District of Nevada (the "District Court").  The plaintiffs in the Actions are collectively referred to as "Plaintiffs" and, together with the plaintiffs in the New York Action (defined below) and the defendants in the Actions, collectively referred to as "Defendants," are the "Parties."

This Notice also informs you of your right to participate in a hearing to be held on May 17, 2010 at 11:30 a.m., in the United States District Court for the District of Nevada (the "Court"), 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101 (the "Fairness Hearing") to determine whether the Court should certify the Consolidated Nevada Action (as defined below) as a class action and certify the plaintiffs in the Consolidated Nevada Action as representatives of the Settlement Class and their counsel as Class Counsel (as defined below); to determine whether the Court should approve the terms and conditions of the Settlement as substantively and procedurally fair, reasonable and adequate, and in the best interests of the Settlement Class; to determine whether an Order and final Judgment should be entered dismissing the Consolidated Nevada Action as to the Defendants with prejudice as against Plaintiffs and the Settlement Class and releasing and barring all Released Claims (as defined below) against all Releasees (as defined below); and to consider other matters, including a request by Class Counsel (as defined below) for an award of attorneys' fees and reimbursement of expenses.

This Notice also informs you of the Court's Order dated March 15, 2010 consolidating the above-captioned class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure

(the "Consolidated Nevada Action") and staying all proceedings in the Consolidated Nevada Action pending the Fairness Hearing.This Notice also describes the rights you may have under the Settlement and what steps you may take, but are not required to take, in relation to the Settlement.   If the Court approves the proposed Settlement at the Fairness Hearing, it will enter an Order finally approving the Settlement prior to the expiration of the 90 day period provided under the Class Action Fairness Act of 2005, 28 U.S.C. §1715(d).  The parties have agreed not to contest the timeliness of any objection to the settlement lodged before the Fairness Hearing by the United States Attorney General and/or the "appropriate State official" as defined in 28 U.S.C. §1715(a)(2).

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT.  IT IS BASED ON STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.**

## II.    BACKGROUND OF THE LAWSUIT

On October 12, 2009, Sinoenergy Corporation ("Sinoenergy" or the "Company") announced that its board of directors (the "Board") approved an agreement and plan of merger (the "Merger Agreement") under which it would be acquired by and merged with and into its largest shareholder, Skywide Capital Management Limited ("Skywide") (the "Merger").  Under the terms of the Merger Agreement, Sinoenergy shareholders, other than Skywide, Sinoenergy and their respective wholly-owned subsidiaries (the "Excluded Shareholders"), would receive $1.90 in cash per share of Sinoenergy stock.

On October 16, 2009, plaintiffs Stephen Trecaso and Linda Watts filed an action captioned *Trecaso, et al. v. Huang, et al.,* Index No. 601665/09 (the "New York Action"), in the Supreme Court of the State of New York, Nassau County (the "New York Court"), naming as defendants the members of the Board (the "Individual Defendants") and Sinoenergy, and

asserting, *inter alia*, claims that the Individual Defendants breached their fiduciary duties to the Company's shareholders by approving the Merger Agreement and agreeing to the Merger with Skywide.

On October 26, 2009, plaintiff Carol Karch filed an action captioned *Karch v. Sinoenergy Corp., et al.,* Case No. A09-602439 (the "Karch Action"), in the Eighth Judicial District Court of the State of Nevada, in and for Clark County (the "Nevada State Court"). Therein, plaintiff Karch named as defendants Sinoenergy, Skywide and the Individual Defendants. Plaintiff Karch asserted, *inter alia*, that the Individual Defendants breached their fiduciary duties to the Company's shareholders by approving the Merger Agreement and agreeing to the Merger with Skywide.

On October 26, 2009, plaintiff Robert E. Guzman filed an action captioned *Guzman v. Sinoenergy Corporation, et al.,* Case No. A09-602440 (the "Guzman Action") in the Nevada State Court. Therein, plaintiff Guzman named as defendants Sinoenergy, Skywide and the Individual Defendants. Plaintiff Guzman asserted, *inter alia*, that the Individual Defendants breached their fiduciary duties to the Company's shareholders by approving the Merger Agreement and agreeing to the Merger with Skywide.

On October 26, 2009, plaintiff Johan L. Stoltz filed an action captioned *Stoltz v. Sinoenergy Corporation, et al.,* Case No. A09-602441 (the "Stoltz Action") in the Nevada State Court. Therein, plaintiff Stoltz named as defendants Sinoenergy, Skywide and the Individual Defendants. Plaintiff Stoltz asserted, *inter alia*, that the Individual Defendants breached their fiduciary duties to the Company's shareholders by approving the Merger Agreement and agreeing to the Merger with Skywide. The Stoltz Action was dismissed on March 11, 2010.

On October 29, 2009, plaintiff Robert Grabowski filed an action captioned *Grabowski v. Deng, et al.*, Case No. A09-602741 (the "Grabowski Action") in the Nevada State Court. Therein, plaintiff Grabowski named as defendants Sinoenergy, Skywide and the Individual Defendants.  Plaintiff Grabowski asserted, *inter alia,* that the Individual Defendants breached their fiduciary duties to the Company's shareholders by approving the Merger Agreement and agreeing to the Merger with Skywide.

The Karch Action, Guzman Action, Stoltz Action and Grabowski Action are collectively referred to herein as the "Nevada Actions".  The Nevada Actions and the New York Action are collectively referred to as the "Actions".

On November 13, 2009, the Company filed a Preliminary Proxy Statement of Form PREM 14A (the "Preliminary Proxy") with the U.S. Securities and Exchange Commission (the "SEC") with the intent of soliciting shareholder approval of the Merger Agreement at a special meeting of the Company's shareholders (the "Special Meeting").

On November 19, 2009, the plaintiffs in the New York Action made a formal written demand on Defendants that could form the basis for a settlement.

On January 26, and January 28, 2010, the defendants in the New York Action moved to dismiss the New York Action for lack of jurisdiction or, alternatively, transfer the action to this Court.

On December 8, 2009, Defendants removed the Nevada Actions to this Court, where the actions were assigned the Civil Action Numbers captioned above and where they are currently pending.  Plaintiffs filed motions on January 7, 2010 to remand the cases to the Nevada State Court, which motions and time to answer have been adjourned.

On December 15, 2009, the plaintiffs in the Nevada Actions made a formal written demand on Defendants that could form the basis for a settlement.

On January 14, 2010, counsel for all Parties convened a meeting to negotiate a potential settlement of the Actions.   Following negotiations among the Parties, counsel reached an agreement in principle providing for the Settlement of the Actions.

On March 5, 2010, after extensive negotiations among counsel, the Parties memorialized their agreement in principle in a Memorandum of Understanding (the "MOU"), providing for the Settlement of the Actions between and among Plaintiffs, on behalf of themselves and the Settlement Class (as defined below), and the Defendants and for certain confirmatory discovery in an agreement dated March 5, 2010 (the "Agreement"), with the Defendants.

On March 6, 2010, Defendants produced confidential documents ("Production Materials") to Plaintiffs pursuant to a provision of the MOU for, among other things, the production of: minutes of the meetings of the Board regarding the Merger; resolutions of the Board; minutes of meetings of the Special Committee (defined below); resolutions of the Special Committee of the Board; notes of the Chair of the Special Committee of the Board; agreement to retain Brean Murray, Carret & Company, LLC ("Brean Murray"); agreements between ABAX and the Company and amendments and waiver of default related thereto; correspondence regarding selection of Brean Murray and counsel for the Special Committee and engagement letters; correspondence between the Special Committee and Brean Murray; correspondence among Special Committee members concerning Brean Murray's Fairness Opinion (as defined below); documents concerning any compensation paid or to be paid by any member of the Company's senior management in connection with the Merger, including any employment agreements; and all documents presented to or considered by the Board and/or the Special

Committee regarding the Merger, including any presentations by any financial advisor for the Company, the buyer, or the Special Committee.

On March 9, 2010, Plaintiffs' counsel conducted a deposition of the Chairman of the Special Committee of the Board formed in connection with the Merger ("Special Committee"). The March 9 deposition was conducted in light of the Production Materials.

On March 10, 2010, Sinoenergy and Skywide entered into an amendment to the Merger Agreement dated as of October 12, 2009, as amended, which extended to May 31, 2010, the date after which Sinoenergy and Skywide may terminate the Merger Agreement, and providing each the right to further extend such date until June 30, 2010.

On March 12, 2010, the Parties entered a stipulation and proposed order to consolidate the Nevada Actions and to stay the proceedings pending a fairness hearing under Federal Rule 23(e) (the "Stipulation to Consolidate and Stay"). The Parties also requested that the Court schedule a hearing on or before April 19, 2010 for purposes of seeking approval and a determination of the fairness, reasonableness and adequacy of the Settlement.

On March 15, 2010, the Court entered an Order (the "March 15 Order") consolidating the Nevada Actions.

On March 19, 2010, Plaintiffs' counsel conducted a deposition of a representative of Brean Murray, which was engaged to issue a fairness opinion to the Special Committee of the Board (the "Fairness Opinion") and to act as financial advisor to the Special Committee. The March 19 deposition was conducted in light of the Production Materials.

On March 29, 2010, Sinoenergy, Skywide and SNEN Acquisition Corp., a wholly-owned subsidiary of Skywide (the "Acquisition Sub") entered into an amended and restated agreement and plan of merger (the "A & R Merger Agreement") which provides for the merger of the

Acquisition Sub with and into Sinoenergy, and is otherwise, except as noted below, substantially identical to the Merger Agreement.

On April 9, 2010, the Company filed a revised preliminary proxy statement with the SEC in connection with the Settlement.  As agreed to below, the disclosures in that filing were made in connection with the Settlement to address certain claims for breach of the fiduciary duty of disclosure raised by plaintiffs in the Actions.  Also on April 9, 2010 the Company filed with the SEC the Updated Fairness Presentation (as defined below) prepared in connection with the Settlement on Form SC 13E1/A.The Parties entered into a Stipulation of Settlement, dated as of March 5, 2010, setting forth a proposed order preliminarily approving the Settlement, permanent certification of the Class and  scheduling order establishing a procedure for approval of notice to the Class (the "Notice") and the Court's consideration of the Settlement, permanent certification of the Class and the application by counsel for Plaintiffs for attorneys' fees and expenses.

Pursuant to the Stipulation of Settlement, on April 8, 2010, Sinoenergy filed a Schedule 14A with the SEC that contained, among other things, the supplemental disclosures agreed to in the Settlement (as well as certain other revisions) and the A & R Merger Agreement.  The supplemental disclosures that Sinoenergy included in the Schedule 14A under the terms of the Settlement comprise additional information or details as described below.

## III.   REASONS FOR THE SETTLEMENT

Plaintiffs, through Plaintiffs' counsel, have conducted a thorough investigation of the claims and allegations asserted in the Actions, as well as the underlying events and the Merger. In connection with their investigation, Plaintiffs' counsel reviewed publicly-available documents, including documents filed by Sinoenergy with the SEC in connection with the proposed Merger.  Pursuant to the Settlement negotiations, the Parties engaged in discovery to

confirm the fairness of the Settlement, including the review of hundreds of pages of confidential documents produced by Defendants in response to document requests by Plaintiffs.  Plaintiffs conducted a deposition of the Chairman of the Special Committee of Sinoenergy.  Plaintiffs' counsel also conducted a deposition of a representative of Brean Murray, which was engaged by Sinoenergy to opine on the fairness of the Merger consideration to the Company's non-affiliated shareholders and to act as financial advisor to the Special Committee.  Plaintiffs' counsel has also conducted factual and legal research concerning the validity of Plaintiffs' claims.  While the Plaintiffs contend that the claims that they have asserted have merit, they also believe that the Settlement provides substantial benefits for the Settlement Class (as hereinafter defined). Plaintiffs and their counsel believe that any claims relating to disclosure issues would be and have been best remedied by the supplemental disclosures that were contained in the Schedule 14A that Sinoenergy filed on April 8, 2010 with the SEC.

Further, in evaluating the Settlement, Plaintiffs and their counsel have considered:  (i) the substantial benefits to the members of the Settlement Class from the Settlement; (ii) the facts developed during discovery; (iii) the attendant risks of continued litigation and the uncertainty of the outcome of the Actions; (iv) the probability of success on the merits and the allegations contained in the Actions, including the uncertainty relating to the proof of those allegations; (v) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation of Settlement; and (vi) the conclusion of Plaintiffs' counsel that the terms and conditions of the Settlement are fair, reasonable, adequate and in the best interests of the Plaintiffs and the Settlement Class.

Defendants have denied, and continue to deny, all allegations of wrongdoing, fault, liability or damage to Plaintiffs and the Settlement Class and otherwise deny that they engaged in

any wrongdoing or committed any violation of law or breach of duty and believe that they acted properly at all times, but wish to settle the Actions on the terms and conditions stated in the Stipulation of Settlement in order to eliminate the burden and expense of further litigation and to put the Released Claims to be released(as defined below) to rest finally and forever.

## IV.   THE SETTLEMENT

In consideration for the full settlement and release of all Released Claims (as defined below), Defendants disclosed additional information in a Schedule 14A filed with the SEC on April 8, 2010 (the "Revised Proxy Statement"), containing supplemental disclosures and additional information or details concerning numerous topics, including, among other things, (a) certain changes to the Merger Agreement, (b) the process leading to the Merger Agreement, (c) the analyses of Brean Murray in support of the Merger (including an Updated Fairness Presentation, as defined herein, as a condition of the Settlement), and (d) the independence and compensation of the Company's financial advisors in connection with the Merger.

In addition, in connection with the Settlement, the A & R Merger Agreement eliminated in its entirety the "Matching-Topping" provision found in Section 7.1(b)(ii) of the Merger Agreement   The A & R Merger Agreement was also amended in connection with the Settlement to eliminate the "Termination Fee" provisions set forth in Section 9.3(b) of the Merger Agreement to reflect Skywide's actual expenses incurred in connection with the Merger and A & R Merger Agreement, which total expenses are set forth in the Stipulation of Settlement and provided to Plaintiffs, and in all events, such termination fee shall not exceed 3% of the total deal price.

In addition, as agreed in the MOU, Brean Murray made a presentation to the Special Committee (the "Updated Fairness Presentation") on March 29, 2010, which was disclosed to the Company's shareholders on April 9, 2010, on a Form SC 13E1/A filed with the SEC.

Defendants agree that the pendency of the Actions and the efforts of Plaintiffs and their counsel were the sole cause of the benefits of the Settlement described in this section of the Notice.

The Stipulation of Settlement also expressly provides that the Settlement is conditioned upon a hearing on the fairness, reasonableness and adequacy of the settlement of the Consolidated Nevada Action pursuant to Fed. R. Civ. P. 23(e)(2), *i.e.*, the Fairness Hearing, which has been set to take place on May 17, 2010 at 11:30 a.m. before Judge Philip M. Pro in this Court, in the Las Vegas Courthouse, located at 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

All of the Defendants have denied and continue to deny they have committed, threatened, or attempted to commit any violations of law or breached or aided and abetted any breach of any duty to Plaintiffs in the Actions, Sinoenergy, and/or Sinoenergy's stockholders or anyone else. Defendants are entering into this Settlement solely because it will eliminate the uncertainty, distraction, burden, and expense of further litigation.

Defendants also agreed that all costs of providing this Notice to holders of Sinoenergy common stock would be paid by Sinoenergy or its successor.

## V.   CLASS ACTION DETERMINATION

The Stipulation of Settlement expressly provides that the Consolidated Nevada Action shall be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), for purposes of settlement only, on behalf of a non-opt-out settlement class consisting of all record

and beneficial holders (other than the Excluded Shareholders) of the common stock of the
Company during the period beginning on and including October 12, 2009, the date of the
announcement of the proposed Merger, through and including the date of the consummation of
the Merger, including the legal representatives, heirs, successors in interest, transferees and
assignees of all such foregoing holders and/or persons, immediate and remote (the "Settlement
Class").

In connection with the Stipulation of Settlement, the Parties agreed to apply jointly for an
order preliminarily approving the Settlement and establishing the procedure for, among other
things, permanent certification of the Settlement Class and a final order approving of the
Settlement and an award of counsel fees and expenses.

The Parties will also seek to certify Plaintiffs as Class Representatives and Plaintiffs'
counsel as Class Counsel.

## VI.    FINAL APPROVAL, FAIRNESS HEARING

The Court has scheduled a Fairness Hearing which will be held on May 17, 2010 at 11:30
a.m., in the United States District Court for the District of Nevada, in the Las Vegas Courthouse,
333 Las Vegas Boulevard South, Las Vegas, Nevada 89101 to determine whether: (i) to certify
the Consolidated Nevada Action as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(1) and
(b)(2) and certify Plaintiffs as Class Representatives and their counsel as Class Counsel; (ii) the
terms and conditions of the Settlement are substantially and procedurally fair, reasonable and
adequate and in the best interests of the Settlement Class; (iii) to dismiss the Consolidated
Nevada Action as to the Defendants with prejudice on the merits as against Plaintiffs and the
Settlement Class, releasing the Released Claims, and barring and enjoining prosecution of any
and all Released Claims (as defined below) as against all Releasees (as defined below); and (iv)

the Court should grant the request of Class Counsel, jointly on behalf of all Plaintiffs' counsel, for an award of attorneys' fees and expenses.

## VII.   <u>RIGHT TO APPEAR AND OBJECT</u>

Any member of the Settlement Class who (a) objects to the (i) Stipulation of Settlement, (ii) Settlement, (iii) class action determination, (iv) dismissal of the Actions, (v) Judgment to be entered with respect thereto (as defined below), (vi) release and/or bar of Released Claims (as defined below), and/or (vii) request for attorneys' fees and reimbursement of expenses in the Actions by counsel for Plaintiffs; or (b) otherwise wishes to be heard, may appear in person or by his, her or its attorney at the Final Approval and Fairness Hearing.  If you wish to do so, however, you must, not later than ten (10) days prior to the date of the Final Approval and Fairness Hearing (unless the Court in its discretion shall otherwise direct for good cause shown), file with the Court and serve upon counsel listed below: (i) a written notice of intention to appear; (ii) proof of membership in the Settlement Class; (iii) a detailed statement of your objections to any matters before the Court; and (iv) the grounds thereof or the reasons you wish to appear and be heard, as well as all documents or writings you wish the Court to consider. Such filings shall be served upon the following counsel:

STULL, STULL & BRODY
Aaron Brody
Jason D'Agnenica
6 East 45th Street
New York, NY 10017

WEISS & LURIE
Joseph H. Weiss
James E. Tullman
551 Fifth Avenue
New York, NY 10176

RIGRODSKY & LONG, P.A.
Seth D. Rigrodsky

Brian D. Long
919 North Market Street, Suite 980
Wilmington, DE 19801

FINKELSTEIN THOMPSON LLP
Donald J. Enright
Elizabeth K. Tripodi
1050 30th Street, NW
Washington, D.C. 20007

Counsel for Plaintiffs

- and -

ARENT FOX LLP
Bernice Leber
1675 Broadway
New York, NY 10019

Attorneys for the Special Committee Defendants

- and -

SICHENZIA ROSS FRIEDMAN FERENCE LLP
Michael H. Ference
Sameer Rastogi
61 Broadway, 32nd Floor
New York, NY 10006

Attorneys for Sinoenergy Defendant

Any member of the Settlement Class who does not object to the Stipulation of Settlement, the Settlement, the class action determination, the dismissal of the Actions, the Judgment to be entered with respect thereto (as defined below), the release and/or bar of Released Claims, the request by Class Counsel for an award of attorneys' fees or expenses, or any of the other matters discussed above need not do anything at this time.

Unless the Court otherwise directs, no person will be entitled to object to the Stipulation of Settlement, the Settlement, the class action determination, the dismissal of the Actions, the Judgment to be entered with respect thereto (as defined below), the release and/or bar of Released claims, the request by Class Counsel for an award of attorneys' fees or expenses, or any

of the other matters discussed above, or otherwise to be heard, except by serving and filing written objections as described above. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in the Actions or any other action or proceeding.

## VIII.  ORDER AND FINAL JUDGMENT OF THE COURT

If the Court determines that the terms and conditions of the Settlement, as provided for in the Stipulation of Settlement, are substantively and procedurally fair, reasonable and adequate, and in the best interests of the Settlement Class, the Parties will jointly request that the Court enter an Order and final Judgment, which will, among other things:

1.       finally certify the Settlement Class pursuant to Fed. R. Civ. P. 23(a), 23(b)(1) and (b)(2) for purposes of the Settlement and appoint Plaintiffs as Class Representatives and their counsel as Class Counsel;

2.       approve the Settlement, adjudge the terms thereof to be substantively and procedurally fair, reasonable and adequate, and in the best interests of the Settlement Class, pursuant to Fed. R. Civ. P. 23(e), and find that the requirements of the Federal Rules of Civil Procedure and due process have been satisfied in connection with the Notice to the Settlement Class;

3.       authorize and direct the performance of the Settlement in accordance with its terms and conditions and reserve jurisdiction to supervise the consummation of the Settlement provided herein;

4.       dismiss the Consolidated Nevada Action with prejudice on the merits, without costs except as provided in the Order and final Judgment, as against any and all

Plaintiffs and members of the Settlement Class, subject only to compliance by the Parties with the terms of the Stipulation of Settlement and any Order of the Court concerning the Stipulation of Settlement, and release the Released Claims (as defined below);

    5.      bar and enjoin Plaintiffs and all members of the Settlement Class, or any of them, from commencing, prosecuting, instigating or in any way participating in the commencement, prosecution or instigation or any action in any court or tribunal asserting any Released Claims (as defined below) against any of the Releasees (as defined below); and

    6.      award attorneys' fees and expenses to Class Counsel.

## IX.   <u>RELEASES</u>

The Stipulation of Settlement provides that, subject to the Court's approval of the Settlement, and in consideration for the benefits provided by the Settlement, the Actions shall be completely discharged and dismissed with prejudice on the merits, and any claims by any member of the Settlement Class, whether now known or unknown, related to the Amended and Restated Merger Agreement, the Merger or any disclosures made in connection therewith shall be released.

Specifically, Plaintiffs and each member of the Settlement Class (collectively the "Releasing Parties"), with the exception of any member of the Settlement Class who exercises his/her/its right to appear and object in accordance with Section VIII above, shall be deemed to, and by operation of the Order and final Judgment shall, fully and finally and forever release, settle, discharge and dismiss with prejudice on the merits, any and all claims, rights, causes of action, suits, demands, liabilities, damages, losses, obligations, judgments, matters and issues, known or unknown, contingent or absolute, suspected or unsuspected, arising under common law or statutory law, state, federal or foreign law, including, without limitation, all securities laws

(except claims arising from any breach of the terms of the Stipulation of Settlement) that arise now or hereafter out of, or relate to, directly or indirectly, or that are, were, or could have been asserted by any plaintiff or any member of the Settlement Class in connection with the Actions, including but not limited to the Merger, the Special Meeting, and the adequacy or completeness of disclosures relating thereto, whether asserted directly, derivatively, legal or equitable or otherwise, (the "Released Claims") against any or all of the Defendants or any of their respective families, parent entities, affiliates, subsidiaries, predecessors, successors or assigns, and each and all of their respective past or present officers, directors, associates, stockholders, members, controlling persons, representatives, employees, attorneys, counselors, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates or administrators of any of the foregoing (collectively the "Releasees"), which have been and/or could have been asserted in any court, tribunal or proceeding, that relate to the actions of Sinoenergy, the Board of Directors of Sinoenergy and each member of the of Skywide), shall be fully, finally and forever compromised, settled, released. For purposes of the Stipulation of Settlement and the Settlement, "Effective Date" means the earliest business day after the occurrence of all the events specified in the Stipulation of Settlement.

Upon the Effective Date of the Settlement, the Releasees agree to and will completely release all claims relating to the subject matter of the Actions that they have or may have against the named Class Representatives, against the counsel for these Plaintiffs, including any claims based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Actions; provided, however, that the Releasees shall retain the right to enforce the terms of the Stipulation of Settlement.

The release contemplated by the Settlement extends to claims that the Releasing Parties and each member of the Settlement Class, do not know or suspect to exist at the time of the release, which if known, might have affected the decision of the Releasing Parties to enter into the release. The Releasing Parties and each member of the Settlement Class shall be deemed to waive and relinquish, to the extent applicable, and to the full extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of unknown claims. The Releasing Parties, for themselves and on behalf of the Settlement Class, shall be deemed to relinquish, to the extent applicable and to the full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

In addition, the Releasing Parties, for themselves and on behalf of the Settlement Class, also shall be deemed to waive and relinquish any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.

The Releasing Parties, for themselves and on behalf of the Settlement Class, acknowledge that members of the Settlement Class may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is Plaintiffs' intention, for themselves and on behalf of the Settlement Class, to fully, finally and forever settle, discharge, relinquish and release any and all claims released hereby known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or

-18-

may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Defendants also have agreed to release the named Class Representatives only, and their counsel, from all claims arising out of the institution, prosecution, settlement or resolution of the Actions; provided, however, that the Defendants and Releasees shall retain the right to enforce the terms of the Settlement, and to oppose or defend any appraisal rights of any member of the Settlement Class.

## X.   PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND EXPENSES

Counsel for Plaintiffs shall apply to a single court, namely this Court, for an award to Plaintiffs' Class Counsel in the Actions of attorneys' fees, costs and expenses (the "Attorneys' Fee Application"), to be paid by the Company or any successor thereto subject to the approval of the Court in the Consolidated Nevada Action. Counsel for Defendants acknowledge that Plaintiffs' counsel have a claim for an Attorneys' Fee Application based on the substantial benefits the Settlement has and will provide to Sinoenergy shareholders, and Defendants have agreed to the Attorneys' Fee Application, and will cause the Company (or any successor thereto) to pay any award of attorneys' fees, costs and expenses (the "Attorneys' Fee Award"), as directed by the Court in the Consolidated Nevada Action, if and solely to the extent that such Attorneys' Fee Award does not exceed $470,000. All parties agree that, notwithstanding anything in the MOU to the contrary, or any order of the Court in the Consolidated Nevada Action making or approving an Attorneys' Fee Award, in no event shall Sinoenergy or its successors be obliged to pay to Plaintiffs, the Settlement Class or Plaintiffs' counsel any amount in excess of $470,000 for attorneys' fees, costs and expenses in connection with the Actions (other than those expenses incurred in connection with the preparation and dissemination of this Notice by mail in accordance with the terms of the Stipulation of Settlement).

Defendants and Plaintiffs' counsel negotiated the Attorneys' Fee Award after the Parties agreed to other substantive terms of the Settlement set forth herein.  Plaintiffs and Plaintiffs' counsel agree that they will not request that the Court approve payment of attorneys' fees and expenses, or reimbursement or compensation for any other costs or expenses, in excess of $470,000.  Defendants agree not to oppose Plaintiffs' request for such approval in an amount not exceeding $470,000, both in the Court and on any appeal by putative members of the Settlement Class.  Payment of the Attorneys' Fee Award as approved by the Court will be made five (5) calendar days after entry of the last order of dismissal, with prejudice in the Actions.

## XI.   NOTICE TO PERSONS OR ENTITIES HOLDING OWNERSHIP ON BEHALF OF OTHERS

Brokerage firms, banks and/or other persons or entities who held shares of the common stock for the benefit of others, other than Defendants, their subsidiary companies, affiliates, and members of the immediate families of the Individual Defendants, as the case may be, at any time between and including October 12, 2009 and April 15, 2010, the proposed date of the consummation of the Merger, are directed to send this Notice promptly to all of their respective beneficial owners.  Sinoenergy shall use reasonable efforts to give notice, or cause notice to be given, to such beneficial owners by (i) making additional copies of the Notice available to any record holder who, prior to the Final Approval and Fairness Hearing, requests the same for distribution to beneficial owners, or (ii) mailing additional copies of the Notice to beneficial owners as reasonably requested by record holders prior to the Final Approval and Fairness Hearing.  If additional copies of the Notice are needed for forwarding to such beneficial owners, any requests for such additional copies may be made to: In re Sinoenergy Securities Litigation, c/o Claims Administrator Garden City Group Inc., 105 Maxess Road, Melville, New York 11747.

## XII.   SCOPE OF THIS NOTICE

This Notice is not all-inclusive.  The references in this Notice to the pleadings in the Nevada Actions, the New York Action, the Stipulation of Settlement, and other papers and proceedings are only summaries and do not purport to be comprehensive.  For the full details of the Nevada Actions, the claims and defenses which have been asserted by the Parties and the terms and conditions of the Settlement, including a complete copy of the Stipulation of Settlement, members of the Settlement Class are referred to the Court files in the Nevada Actions.  You or your attorney may examine the Court files during regular business hours of each business day at the office of the Clerk of the Court, United States District Court for the District of Nevada, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.  Questions or comments may be directed to the attention of Class Counsel as follows:

STULL, STULL & BRODY
Aaron Brody
Jason D'Agnenica
6 East 45th Street
New York, NY 10017

WEISS & LURIE
Joseph H. Weiss
James E. Tullman
551 Fifth Avenue
New York, NY 10176

FINKELSTEIN THOMPSON LLP
Donald J. Enright
Elizabeth K. Tripodi
1050 30th Street, NW
Washington, D.C. 20007

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT.**

# EXHIBIT 2

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAROL KARCH, Individually and on behalf of all others similarly situated, | CASE NO.:    2:09-CV-2320-PMP-LRL |
| Plaintiff, | *Consolidated with:*<br>2:09-CV-2321-JCM-PAL<br>2:09-CV-2322-RCJ-RJJ |
| vs. | |
| SINOENERGY CORPORATION, TIANZHOU DENG, XIANG DONG YANG, BO HUANG, ROBERT I. ADLER, RENJIE LU, GREG MARCINKOWSKI, BAOHENG SHI, AND SKYWIDE CAPITAL MANAGEMENT LIMITED, | |
| Defendants. | |

TO:    ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF SHARES OF COMMON STOCK OF SINOENERGY CORPORATION ("SINOENERGY") AT ANY TIME DURING THE PERIOD BEGINNING ON AND INCLUDING OCTOBER 12, 2009 THROUGH AND INCLUDING APRIL 15, 2010, IN WHICH A WHOLLY OWNED SUBSIDIARY OF SKYWIDE CAPITAL MANAGEMENT LIMITED ("SKYWIDE") WILL BE MERGED WITH AND INTO SINOENERGY (THE "SETTLEMENT CLASS"), INCLUDING ANY AND ALL OF THEIR RESPECTIVE SUCCESSORS IN INTEREST, PREDECESSORS, REPRESENTATIVES, TRUSTEES, EXECUTORS, ADMINISTRATORS, HEIRS, ASSIGNS OR TRANSFEREES, IMMEDIATE AND REMOTE, AND ANY PERSON OR ENTITY ACTING FOR OR ON BEHALF OF, OR CLAIMING UNDER ANY OF THEM, AND EACH OF THEM.

YOU ARE HEREBY NOTIFIED that plaintiffs, the Individual Defendants, and Sinoenergy have entered into a settlement to resolve certain claims asserted in the action captioned above (the "Action").

PLEASE BE FURTHER ADVISED that pursuant to a Court order, a hearing will be held on May 17, 2010, at 11:30 a.m., before the Honorable Philip M. Pro, United States District Judge of the District of Nevada at the United States Courthouse, 333 Las Vegas Boulevard South, Courtroom 7C, Las Vegas, Nevada 89101, for the purpose of determining: (1) whether the proposed settlement of the Action, as set forth in the Stipulation of Settlement on file with the Court, should be approved by the Court as fair, reasonable and adequate to Sinoenergy; (2) whether judgment should be entered, dismissing the Action with prejudice as against the Individual Defendants and

Sinoenergy and releasing the Released Parties as defined in the Stipulation of Settlement; and (3) whether plaintiffs' counsel's request for payment of attorneys' fees and reimbursement for expenses should be granted.

If you are a member of the Settlement Class and you have any questions, you may contact the following:

STULL, STULL & BRODY
Aaron L. Brody
Jason D'Agnenica
6 East 45th Street
New York, NY 10017
(212) 687-7230

WEISS & LURIE
Joseph H. Weiss
James E. Tullman
551 Fifth Avenue, Suite 160
New York, NY 10176
(212) 682-3025

RIGRODSKY & LONG, P.A.
Seth D. Rigrodsky
Brian D. Long
919 North Market Street, Suite 980
Wilmington, DE 19801
(302) 295-5310

FINKELSTEIN THOMPSON LLP
Donald J. Enright
Elizabeth K. Tripodi
1050 30th Street, NW
Washington, D.C. 20007
(202) 337-8000

*Counsel for Plaintiffs*

ARENT FOX LLP
Bernice K. Leber
Jennifer Bougher
1675 Broadway
New York, NY 10019
(212) 484-3900

*Attorneys for Robert I. Adler, Greg Marcinkowski, Baoheng Shi and Renjie Lu*

SICHENZIA ROSS FRIEDMAN FERENCE LLP
Michael H. Ference
Sameer Rastogi
61 Broadway, 32nd Floor
New York, NY 10006
(212) 930-9700

*Attorneys for Sinoenergy Defendants*

If you are a member of the Settlement Class, you can object to the proposed settlement and/or plaintiffs' counsel's application for fees and expenses. To object to the proposed settlement and/or plaintiffs' counsel's application for fees and expenses, you must send a signed letter saying so in *Karch v. Sinoenergy Corp.*, Consol. Case No. 02:09-CV-2320-PMP-LRL. Your objection must include your name, address, telephone number, provide proof of your membership in the Settlement Class, a detailed description of your specific objections to any matter before the Court, and all the grounds for your

objection to the proposed settlement and/or plaintiffs' counsel's application for fees and expenses.  You must also include all documents you wish the Court to consider.  You must mail your objection and any supporting papers to the Court of Clerk for the United States District Court for the District of Nevada, Lloyd D. George U.S. Courthouse, 333 Las Vegas Blvd. South, Las Vegas, NV, 89101, and to each of the parties at the addresses provided below to arrive no later than May 10, 2010.  YOUR OBJECTION MUST BE RECEIVED BY THIS DATE TO BE CONSIDERED.  You may object either on your own or through an attorney hired at your own expense.  You or an attorney retained by you may, but is not required to, appear at the settlement hearing.  If you or your attorney intend to appear at the settlement hearing, you or your attorney must file a notice of intent to appear with the Court and provide copies to counsel for the parties at the addresses set forth below no later than May 10, 2010.

If you do not take steps to object to the proposed settlement and/or plaintiffs' counsel's application for fees and expenses, you will be bound by the Order and Final Judgment of the Court, you will forever be barred from raising an objection to such proposed settlement and/or plaintiffs' counsel's application for fees and expenses, and certain claims you might have may be released.

You must also mail your objection and any supporting papers to the following:

COOKSEY TOOLEN GAGE
DUFFY & WOOG
Martin A. Muckelroy
3930 Howard Hughes Parkway
Suite 200
Las Vegas, NV 89169

*Counsel for Plaintiffs*

LEWIS AND ROCA LLP
Thomas G. Ryan
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169

*Attorneys for Robert I. Adler, Greg Marcinkowski, Baoheng Shi and Renjie Lu*

McDONALD CARANO & WILSON LLP
Jeffrey A. Silvestri
2300 W. Sahara Avenue, Suite 1000
Law Vegas, Nevada 89102

*Attorneys for Defendant Sinoenergy Corporation and Defendants Tianzhou Deng, Xiang Dong Yang and BoHuang in their Official Capacities as Directors of Sinoenergy Corporation*

If the Court approves the proposed Settlement at the Fairness Hearing, it will enter an Order finally approving the Settlement prior to the expiration of the 90 day period provided under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(d).  The parties have agreed not contest the timeliness of any objection to the settlement lodged before

the Fairness Hearing by the United States Attorney General and/or the "appropriate State official" as defined in 28 U.S.C. § 1715(a)(2).

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**