1 Griffith Hayes, Esq.
  Nevada Bar No. 7374
2 Martin A. Muckleroy, Esq.
  Nevada Bar No. 9634
3 COOKSEY TOOLEN GAGE DUFFY & WOOG
  3930 Howard Hughes Parkway, Suite 200
4 Las Vegas, NV  89169
  (702) 949-3100
5 (702) 949-3104 (fax)
  *Attorneys for Plaintiffs Carol Karch,*
6 *Robert E. Guzman & Robert Grabowski*



FILED

MAY ~~~ 2010

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAROL KARCH, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SINOENERGY CORPORATION, TIANZHOU DENG, XIANG DONG YANG, BO HUANG, ROBERT I. ADLER, RENJIE LU, GREG MARCINKOWSKI, BAOHENG SHI, AND SKYWIDE CAPITAL MANAGEMENT LIMITED,<br><br>Defendants. | CASE NO.:  2:09-CV-2320-PMP-LRL<br><br>*Consolidated with:*<br>2:09-CV-2321-~~JCM~~-PAL  *Pmp*<br>2:09-CV-2322-~~RCJ~~-RJJ  *Pmp*<br><br>[~~PROPOSED~~] ORDER AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE |

WHEREAS, a consolidated class action is currently pending before the United States District Court for the District of Nevada (the "Court") entitled *Karch v. Sinoenergy Corporation et al.*, No. 2:09-CV-2320-PMP-LRL (the "Consolidated Nevada Action");

WHEREAS, this matter came before the Court on May 17, 2010, pursuant to the Court's Minute Order dated April 12, 2010 (Dkt. 34), on lead named plaintiff Carol Karch's ("Lead Named Plaintiff") Motion for Final Approval of Settlement dated May __, 2010 (the "Final Approval Motion");

WHEREAS, pursuant to the Court's Order Preliminarily Approving Settlement, Settlement

- 1 -

Class Certification, and Providing for Notice to the Class dated April __, 2010 ("Preliminary Approval Order") (Dkt. __), the Court preliminarily approved the Stipulation of Settlement dated as of March 5, 2010 (the "Stipulation") (Dkt. __) entered into by Lead Named Plaintiff and named plaintiffs Robert E. Guzman, Robert Grabowski, Stephen Trecaso and Linda Watts (collectively with Lead Plaintiff, "Named Plaintiffs"), by and through their undersigned counsel of record Cooksey Toolen Gage Duffy & Woog, Rigrodsky & Long, P.A. and Stull, Stull & Brody on behalf of Lead Plaintiff ("Lead Counsel"), and Rigrodsky & Long, P.A., Stull, Stull & Brody, Weiss & Lurie on behalf of Robert E. Guzman; by Finkelstein Thompson LLP on behalf of Robert Grabowski; and by Levi Korsinsky LLP on behalf of Stephen Trecaso and Linda Watts (collectively, "Plaintiffs' Counsel") in the Consolidated Nevada Action, on behalf of themselves and the remaining members of the Settlement Class (as defined herein) certified by the Preliminary Approval Order, on the one hand[1]; and defendants Sinoenergy Corporation ("Sinoenergy" or the "Company"), Tianzhou Deng, Xiang Dong Yang and Bo Huang, in their official capacities as directors of Sinoenergy, by their counsel McDonald Carano & Wilson LLP and Sichenzia Ross Friedman Ference LLP, and defendants Robert I. Adler, Renjie Lu, Greg Marcinkowski and Baoheng Shi by their counsel Lewis and Roca LLP and Arent Fox LLP (collectively, "Defendants' Counsel") on the other[2];

WHEREAS, the Parties having made application by and through the Final Approval Motion, pursuant to Federal Rules of Civil Procedure 23(e), for an order finally approving and

---

[1] As discussed in the Stipulation, on October 16, 2009, Stephen Trecaso and Linda Watts filed an action captioned *Trecaso, et al. v. Huang, et al.*, Index No. 601665/09, in the New York Supreme Court, Nassau County (the "New York Action"). On October 26, 2009, Robert E. Guzman filed an action captioned *Guzman v. Sinoenergy Corporation, et al.*, Case No. A09-602440 (the "Guzman Action") in the Eighth Judicial District Court of the State of Nevada, in and for Clark County (the "Nevada State Court"). On October 26, 2009, Lead Plaintiff Carol Karch filed an action captioned *Karch v. Sinoenergy Corporation, et al.*, Case No. A09-602439, (the "Karch Action") in the Nevada State Court. On October 26, 2009, Johan L. Stoltz filed an action captioned *Stoltz v. Sinoenergy Corporation, et al.*, Case No. A09-602441 (the "Stoltz Action") in the Nevada State Court. On October 29, 2009, plaintiff Robert Grabowski filed an action captioned *Grabowski v. Sinoenergy Corporation, et al.*, Case No. A09-602741 (the "Grabowski Action") in the Nevada State Court.

The Guzman Action, Karch Action, Stoltz Action, and Grabowski Action collectively will be referred to herein as the "Nevada Actions." Both the Nevada Actions and the New York Action collectively will be referred to herein as the "Actions", unless separately identified.

[2] Defendants Tianzhou Deng, Xiang Dong Yang, Bo Huang, Robert I. Adler, Renjie Lu, Greg Marcinkowski and Baoheng Shi collectively will be referred to herein as the "Individual Defendants." The Individual Defendants, Sinoenergy and Skywide Capital Management Ltd. ("Skywide") collectively will be referred to herein as the "Defendants." Plaintiffs and Defendants collectively will be referred to as the "Parties."

1  implementing the Settlement[3] of the Actions, in accordance with the Stipulation which sets forth
2  the terms and conditions for the Settlement of the Actions and for dismissal of the Actions with
3  prejudice upon the terms and conditions set forth therein;
4      WHEREAS, all defined terms contained herein shall have the same meanings as set forth
5  in the Stipulation and the Preliminary Approval Order; and
6      WHEREAS, due and adequate notice having been given to the Settlement Class (as
7  defined herein) as required in the Preliminary Approval Order, the Court having considered all
8  papers filed and proceedings had herein, and otherwise being fully informed in the premises and
9  good cause appearing therefor,
10     IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:
11     1.    This Court has jurisdiction over the subject matter of the Consolidated Nevada
12 Action and over all parties to the Consolidated Nevada Action, including all members of the
13 Settlement Class (as defined herein).
14     2.    Each of the provisions of Rule 23(a) of the Federal Rules of Civil Procedure has
15 been satisfied with respect to the claims asserted on behalf of the Settlement Class. Specifically,
16 based on the record of the Consolidated Nevada Action, this Court expressly and conclusively
17 finds and orders that: (a) the Settlement Class, as defined herein, is so numerous that joinder of all
18 members was impracticable; (b) there are questions of law or fact common to the Settlement
19 Class; (c) the claims or defenses of the representative plaintiffs in the Consolidated Nevada Action
20 are typical of the claims or defenses of the Settlement Class; and (d) the representative plaintiffs in
21 the Consolidated Nevada Action and their counsel have fairly and adequately protected and
22 represented the interests of the Settlement Class. Further, each of the provisions of Rule 23(b)(1)
23 and 23(b)(2) of the Federal Rules of Civil Procedure has been satisfied with respect to the claims
24 asserted on behalf of the Class. Specifically, based on the record of the Consolidated Nevada
25 Action, this Court expressly and conclusively finds that: (a) the prosecution of separate actions by
26 or against individual members of the Settlement Class would create a risk of inconsistent or
27
28

---

[3] As discussed in the Stipulation, counsel for all the Parties met on January 14, 2010, and following negotiations among the Parties, counsel reached an agreement in principle providing for the proposed settlement of the Actions (the "Settlement").

1  varying adjudications with respect to individual members of the Settlement Class which would
2  establish incompatible standards of conduct for Defendants, or adjudications with respect to
3  individual members of the Settlement Class which would as a practical matter be dispositive of the
4  interests of the other members not parties to the adjudications or substantially impair or impede
5  their ability to protect their interests, and (b) Defendants have acted or refused to act on grounds
6  generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or
7  corresponding declaratory relief with respect to the Settlement Class as a whole. The
8  Consolidated Nevada Action is certified as a Settlement Class action, pursuant to Federal Rule of
9  Civil Procedure 23(a), 23(b)(1) and 23(b)(2), with no opt-out rights on behalf of the Class, which is
10 a class consisting of all shareholders of record and beneficial holders of the common stock of the
11 Company at any time during the period beginning on and including October 12, 2009, the date of
12 the announcement of the merger of Sinoenergy with and into Skywide (the "Merger") through and
13 including April 15, 2010, including the legal representatives, heirs, successors in interest,
14 transferees and assignees of all such foregoing holders and/or persons, immediate and remote.
15 Excluded from the Settlement Class are the Defendants, their current and former officers and
16 directors, affiliates, legal representatives, heirs, predecessors, successors and assigns, and any
17 entity in which any of the Defendants or their current or former officers or directors has a
18 controlling interest or of which any of the Defendants is a parent or subsidiary (the "Settlement
19 Class").

20  3.  Upon consideration of the factors set forth in Rule 23(g)(1)(A)(i)-(iv) of the
21 Federal Rules of the Civil Procedure, the Court hereby appoints the law firms of Cooksey Toolen
22 Gage Duffy & Woog, Rigrodsky & Long, P.A., Stull, Stull & Brody, Weiss & Lurie, Finkelstein
23 Thompson LLP and Levi Korsinksky LLP as class counsel for the Settlement Class.

24  4.  The Court hereby finally approves the Settlement set forth in the Stipulation and
25 finds that:

26  (a)  said Stipulation is, in all respects, fair, reasonable and adequate and in the
27 best interest of the Settlement Class;

28  (b)  there was no collusion in connection with the Stipulation;

1    (c)   the Stipulation was the product of informed, arm's-length negotiations
2 among competent, able counsel; and
3    (d)   the record is sufficiently developed and complete to have enabled the
4 Parties to have adequately evaluated and considered their positions.
5    5.   The Parties are hereby authorized and directed to perform the terms of the
6 Stipulation.
7    6.   The Court hereby dismisses the complaints in the Consolidated Nevada Action
8 (2:09-CV-2320-PMP-LRL, Dkt. 1; 2:09-CV-2321-~~JCM~~ *PMP*-PAL, Dkt. 1; 2:09-CV-2322-~~RCJ~~ *PMP*-RJJ,
9 Dkt. 1), the Consolidated Nevada Action, and all claims for relief asserted in the Actions (the
10 "Settled Claims") with prejudice, without costs as to any of the Parties, except as and to the extent
11 provided in the Stipulation, any separate order on attorneys' fees or reimbursement of expenses,
12 and as otherwise set forth in this Order and Final Judgment.
13    7.   Upon the date of entry of this Order (the "Entry Date"), the Settlement Class and
14 each member of the Settlement Class shall be deemed to have, and by operation of this Order and
15 Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all
16 Settled Claims against the Releasees (as defined in the Stipulation), whether or not such member
17 of the Settlement Class, with the exception of the Lead Named Plaintiffs, executes and delivers the
18 Release (as defined in the Preliminary Approval Order).
19    8.   All members of the Settlement Class are hereby forever permanently barred,
20 enjoined, and restrained from commencing, prosecuting, or asserting any claim, right, cause of
21 action, suit, demand, liability, damage, loss, obligation, judgment, matter or issue, known or
22 unknown, contingent or absolute, suspected or unsuspected, arising under common law or
23 statutory law, state, federal or foreign law, including, without limitation, all securities laws (except
24 claims arising from any breach of the terms of the Stipulation) that arise out of, or relate to,
25 directly or indirectly, or that are, were, or could have been asserted by any of the Plaintiffs or any
26 member of the Settlement Class in connection with the Actions, including but not limited to the
27 Merger, the Special Meeting (as defined in the Stipulation), and the adequacy or completeness of
28 disclosures relating thereto, whether asserted directly, derivatively, legal or equitable or otherwise,

1 against any or all of the Defendants or any of their respective families, parent entities, affiliates, subsidiaries, predecessors, successors or assigns, and each and all of their respective past or present officers, directors, associates, stockholders, members, controlling persons, representatives, employees, attorneys, counselors, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates or administrators of any of the foregoing (the "Related Parties") (collectively the "Releasees"), which have been and/or could have been asserted in any court, tribunal or proceeding, that relate to the actions of Sinoenergy, the Board of Directors of Sinoenergy (including each member of Skywide).

9. Upon the Entry Date hereof, the Releasees shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all claims relating to the subject matter of the Actions that they have or may have against the named Settlement Class representatives only, and their counsel, including any claims based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Actions; provided, however, that the Releasees shall retain the right to enforce the terms of the Stipulation. All Defendants are hereby permanently barred, enjoined, and restrained from commencing, prosecuting or asserting any claim for contribution against any other of the Defendants or the Releasees based upon, relating to, or arising out of the Settled Claims.

10. The Notice given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort. The Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all persons entitled to such notice, and the Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11. Any order entered regarding any application for attorneys' fees and expenses shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed

1  or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or
2  may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the
3  Settled Claims, or of any wrongdoing or liability of the Defendants, or their respective Related
4  Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any
5  fault or omission of any of the Releasees in any civil, criminal or administrative proceeding in any
6  court, administrative agency or other tribunal. The Releasees may file the Stipulation and/or this
7  Order and Final Judgment from this action in any other action that may be brought against them in
8  order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel,
9  release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue
10 preclusion or similar defense or counterclaim.

11    13.    Without affecting the finality of this Order and Final Judgment in any way, this
12 Court hereby retains continuing jurisdiction over: (a) implementation of the Stipulation and of this
13 Settlement; (b) all proceedings with respect to the administration, processing and determination of
14 claims described in the Settlement and the determination of all controversies relating thereto,
15 including disputed questions of law and fact with respect to the validity of claims; (c) enforcing
16 any equitable relief included within this Order and Final Judgment; and (d) all parties hereto for
17 the purpose of construing, enforcing and administering the Stipulation and this Order and Final
18 Judgment.

19    14.    Plaintiffs' Counsel are awarded attorneys' fees and expenses in the amount of
20 $ 470,000, which the Court finds to be fair and reasonable and which shall be paid to Class
21 Counsel in accordance with terms of the Stipulation.

22    15.    Without further order of the Court, the Parties may agree to reasonable extensions
23 of time to carry out any of the provisions of the Settlement.
24 ///
25 ///
26 ///
27 ///
28 ///

16. The Clerk of the Court is hereby directed that this Order and Final Judgment shall be entered on docket pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: May 17, 2010